## KNARR v. THE SAND CREEK TURNPIKE COMPANY.

PLEADING.—*Answer to Suit on Note.*—*Want of Consideration.*—In a suit upon a note for assessments against lands for benefits arising by reason of the construction of a turnpike, an answer admitting that the tax was valid and a lien upon the land of the maker, but alleging that it was without consideration, because the assessment was made against a former owner of the land, who had property, out of which the assessment might be made, and that such former owner had agreed to pay it, where it is admitted that the note was made with a full knowledge of the facts, is bad.

CONSIDERATION.—*Promissory Note.*—The release of the land of the maker from a lien is a sufficient consideration to support a promissory note.

SAME.—It is not necessary that a consideration and promise should be equivalent in actual value.

SAME.—A certificate of stock in an incorporated company is a sufficient consideration to support a promissory note.

From the Decatur Circuit Court.

*J. S. Scobey* and *O. B. Scobey*, for appellant.

*S. A. Bonner*, *J. L. Bracken*, *C. Ewing*, *J. K. Ewing*, and *W. O. Foley*, for appellee.

OSBORN, J.—The appellee sued the appellant, and in the complaint alleged that the appellant executed his promissory note, payable to Thomas Kitchen for two hundred and ninety-three dollars and fifty-seven cents, one day after its date; that Kitchen indorsed it to the appellee, and that it was due and unpaid.

An answer of three paragraphs was filed to the complaint. 1st. That the note was given without any consideration. The second alleges that the note was given to the payee, who was the treasurer of the appellee, for certain assessments against appellant's land for benefits arising by reason of the construction of the road of the appellee; that the assessors did not assess all the lands within one mile and a half of the road; and that by reason of such omission the assessment was void, and the note given without consideration. The third alleges that the sum of one hundred and fifty-three dollars had been assessed upon certain lands, owned by one Milton M. Wilson, for benefits by the construction of the

road of the company; that, after such assessment, he purchased the land of Wilson, and took a conveyance from him, and also an agreement that he would pay all taxes then accrued upon the land; that Wilson is a resident of Decatur county, Indiana, and had, and still has, personal property, out of which the tax or assessment might have been made; that the amount of such assessment, interest, and penalty was included in the note sued on, and that as to that amount the note was given without consideration.

Separate demurrers were filed to the second and third paragraphs. The demurrer to the second was overruled and sustained to the third. Both parties excepted.

A reply was then filed of general denial to the first and second paragraphs of the answer. Second and third paragraphs of reply were also filed to the second paragraph of the answer. The second alleges that the appellant, with a full knowledge of the omission to assess all the lands liable, executed the note, and received a certificate of stock therefor, and the assessment upon his lands was receipted for, and the apparent lien removed. The third does not differ materially from the second. At any rate it does not present any different question.

Demurrers were filed and overruled to the second and third paragraphs of the reply, and an exception taken.

The cause was tried by the court, resulting in a finding for the appellee for the amount of the note and interest, and, over a motion for a new trial, final judgment was rendered on the finding.

The errors assigned are for sustaining the demurrer to the third paragraph of the answer, for overruling the demurrer to the second and third paragraphs of the reply, and for overruling the motion for a new trial.

No question is made in this court on the alleged error in overruling the motion for a new trial, and we need not notice it. The appellant relies on the ruling of the court on the demurrers, to reverse the case.

The third paragraph of the answer is clearly bad. It

admits that the tax for which the note was given was valid and a lien upon his land; that by the execution of the note, the lien was discharged. It is insisted, however, that the note was without consideration, because Wilson, his vendor, owned the land when the tax was assessed; that he had personal property liable to seizure, out of which the tax might be made, and that he had agreed to pay it. But it is admitted that, with a full knowledge of all the facts, he gave the note for the tax and released his land from the lien.

It is not necessary that the consideration and promise should be equivalent in actual value. If the agreement be made *bona fide*, it matters not how insignificant the benefit may apparently be to the promisor, or how slight the inconvenience or damage appears to be to the promisee, provided it be susceptible of any legal estimation. Story Contracts, sec. 431; Chitty Contracts, 31, 32. The release of his land from the lien was a sufficient consideration for the promise. The agreement of Wilson to pay the tax cannot affect the question of the consideration of the note.

It is alleged in the reply that the note was given by the appellant for the amount of tax assessed against his land with a full knowledge that the tax was not collectible, and that the company issued stock to him for the amount. The certificate of stock made him a stockholder in the company, with all the rights and privileges of other stockholders in proportion to the amount. That was a valid consideration for the note without regard to the question of the assessment.

It is not alleged that the appellant's land was not liable to be assessed. The only objection to the assessment is, that all the lands within a mile and a half of the line of the road had not been viewed or examined by the assessors. Such omission could be corrected and supplied; and when the amendment is made, so that all the lands liable to be assessed are included, the entire assessment becomes valid, and as complete and perfect as if all the lands had been included in the original proceedings. *The Sand Creek Turnpike Co.* v. *Robbins*, 41 Ind. 79. Whether the lands of the appellant

NOVEMBER TERM, 1873.                    281

The I. M. and C. Union *v.* The C., C., C., and I. R. W. Co.

would be liable to be assessed for the full amount of the note
when the other lands liable are included and assessed, is not
before us.   The answer is in bar of the entire action.   The
receipt and release of the land from the tax for the amount
was sufficient consideration to sustain the note.

The judgment of the said Decatur Circuit Court is affirmed,
with costs and five per cent. damages.