PATTON ET AL. *v.* MATTER, TRUSTEE, ET AL.

[No. 2,673. Filed December 14, 1898.]

MECHANIC'S LIEN.—*Notice.— General Employment.—* Plaintiffs filed notice of intention to hold liens for material furnished and labor performed in the construction and repair of a building within sixty days from the date the last item of labor was performed. The evidence showed that the work was begun more than a year before the filing of the notice; there was no certain or specified amount of work to be done, no certain amount agreed to be paid, no certain time for payment, and no certain time when the services should end. *Held,* that the contract of employment was continuous, and

that such notice will reach back and include all of the items charged under the general employment.

From the Grant Superior Court. *Reversed.*

*John A. Kersey,* for appellants.

*H. J. Paulus, Elliott & Elliott,. Carroll & Dean, Henry & Elliott, Steele &. Ratliff, Strange & Huffman* and *St. John & Charles,* for appellee.

HENLEY, J.—On the 10th day of May, 1897, William White, a resident of Grant county, Indiana, duly executed and acknowledged a deed of assignment in accordance and compliance with the laws of this State providing for voluntary assignments for the benefit of creditors. In the deed of assignment one Phillip Matter was named as trustee. Among the property conveyed to said trustee by the deed of assignment was the following: Forty-four feet off of the south side of lot 8, in block 16, in the original plat of the town (now city) of Marion, in Grant county, Indiana. Situated upon the above described tract was a three story brick building, used in part as an opera house. On the 5th day of May, 1897, the said William White executed to his wife, one Hattie White, a mortgage upon said real estate, to secure an alleged indebtedness to her of about $15,000, which mortgage was duly recorded on the 5th day of June, 1897, in the recorder's office of Grant county, in mortgage record No. 34, at page 463. On the 22nd day of May, 1897, appellants Phillip Patton and John M. Thornburgh, who were partners doing business under the firm name and style of Patton & Thornburgh, filed in the office of the recorder of said county a written notice of their intention to hold a mechanic's and material man's lien on said real estate and the buildings thereon for moneys due them on account of work, labor, and material, done, performed, and furnished by them in repairing

the building on said real estate, which notice was recorded as is provided by law; the amount claimed being $1,426.56. On the same day the appellants Henry Byrely and Shively Byrely, who were doing business as partners under the name and style of Byrely Bros., filed in the office of the recorder of said county their written notice of their intention to hold a mechanic's and material man's lien on said property for work, labor, and material furnished by them in repairing and improving the building situated upon said real estate. The amount claimed by Byrely Bros. is $586.22. The record shows the proper recording of these notices. On the 10th day of May, 1897, the appellants Leroy M. Whisler and Ralph P. Whisler, who are partners under the name and style of Whisler & Whisler, filed in the recorder's office of said county a mechanic's and material man's lien upon said property for work and labor and material furnished by them in and about the said building in repairing and improving the same. The amount claimed by them is $739.76. This notice was duly recorded according to law. This action was brought by said Phillip Matter, trustee, etc., against the said Hattie White and all the above described lien holder's averring the facts as above stated, and alleging further that the mortgage held by said Hattie White was fraudulent, and given to secure a pretended indebtedness, and was without any consideration whatever; that neither of the other defendants named in the complaint had done or performed any labor or furnished any material for repairing or improving said real estate, or the building thereon, within the sixty days next preceding the filing of their said notices of their intention to hold liens on said property; "that said pretended liens of each and all said defendants are clouds upon the title of said property." The

prayer of the complaint is that the title to the property be quieted against said liens, and that, in case any part of them are found to be valid, that the court determine the amounts, etc.    Appellants Patton & Thornburgh, Whisler & Whisler and Byrely & Byrely appeared to the action, and separately answered by general denial, and by cross-complaint, in which each firm. demanded the foreclosure of their alleged mechanic's and material man's liens.    Answers in general denial were filed by each of the cross-defendants to the different cross-complaints.    The plaintiff dismissed his action as to said Hattie White and also dismissed his complaint, and the cause was tried by the court upon the issues presented by the denial of the material allegations of the cross-complaints of appellants Patton & Thornburgh, Whisler & Whisler and Byrely & Byrely.    The court having announced its finding, the cross-complainants severally moved for a new trial, assigning as reasons therefor (1) that the finding of the court is contrary to the evidence; (2) the finding of the court is contrary to law; (3) the finding of the court is not sustained by sufficient evidence; (4) for error in the assessment of the amount of recovery on the mechanic's lien, in that the same is too small.    The motions for a new trial were each overruled, and the court rendered the following judgment:    "And the court now renders judgment on all said findings as follows to wit:    It is considered by the court that the said cross-complainants Phillip B. Patton and John M. Thornburgh recover of and from said defendant William White the sum of $1,567.75, with relief, except as to $13.75 thereof, and costs, and that as to the $13.75 their mechanic's lien sued on in their said cross-complaint be, and the same is hereby, foreclosed against all said defendants, and the land described in their said cross-complaint, to wit:    Said

44 feet off of south side of lot 8, in block 16, in the original plat of the town (now city) of Marion, in said Grant county, Indiana, is ordered to be sold by the sheriff of said county, without relief, upon a certified copy of this decree as upon executions at law, to make said sum of $13.75 and costs herein, taxed at $—— and —cts. It is further considered by the court that said cross-complainants Henry Byrely and Shively Byrely recover of and from said defendant William White the sum of $596.84, with relief except as to $11.25 thereof, and costs, and that as to said $11.25 their mechanic's lien sued on in their cross-complaint be, and the same is hereby, foreclosed against all said defendants, and the land described in their said cross-complaint to wit:   Said 44 feet off of the south side of lot No. 8 in block 16, in the original plat of the town (now city) of Marion, in said Grant county, Indiana, is ordered to be sold by the sheriff of said county, without relief, upon a certified copy of this decree as upon executions at law to make said sum of $11.25 and costs herein taxed at $—— and —cts.   It is further considered by the court that the cross-complainants Leroy M. Whisler and Ralph P. Whisler recover of and from said defendant William White the sum of $469.76, with relief, except as to $62.50 thereof, and costs, and that as to said $62.50 their mechanic's lien sued on in their said cross-complaint be, and the same is hereby, foreclosed against all said defendants, and the land described in their said cross-complaint, to wit: Said 44 feet off of the south side of lot No. 8, in block 16, in the original plat of the town (now city) of Marion, in said Grant county, Indiana, is ordered to be sold by the sheriff of said county, without relief, upon a certified copy of this decree as upon executions at law, to make said sum of $62.50 and costs herein, taxed at $—— and —cts."

The cross-complainants severally moved the court to modify the judgment and decree, all of which motions were overruled.

Appellants Patton & Thornburgh, Byrely & Byrely and Whisler & Whisler separately assign as error to this court, the action of the lower court in overruling their separate motions for a new trial.  Upon the part of the cross-complainants, the appellants Patton & Thornburgh, the evidence was to the effect that they were employed by verbal agreement to tear out the third floor joists, overhaul the building, and make it into an opera house on the second floor.  This employment was in June, 1896, and they were engaged to do the work by William White.  It is admitted of record as to all the cross-complainants: That the said William White was the owner of the property described in all the cross-complaints up to the 10th day of May, 1897, when the same passed by the assignment to Phillip Matter.  The said firm of Patton & Thornburgh continued to work on said building until March 26, 1897, with very little interruption, and without any settlement being had between the parties.  That all the work and material charged in the bill of particulars filed with the cross-complaint was done and furnished at the direction and instance of the owner of the building, and that there is due said firm the sum of $1,557.75.  There were no plans and specifications to work by, and these appellants Patton & Thornburgh were simply employed by said White, without any agreed price either for labor or material furnished by them, and did the work as they were directed by the owner of the building. The evidence shows that they continued in the work upon said building up to and including March 26, 1897, and that the notice of their intention to hold a lien for their labor and material was filed within 60

days from said time. Appellee did not introduce any evidence tending to disprove any fact testified to by the witnesses of these cross-complainants; in fact appellee offered no evidence whatever. Upon the part of appellants Whisler & Whisler, the evidence was to the effect that they did work on White's Opera House, beginning some time in November, 1895, and continuing at intervals up to the 12th day of April, 1897; that the work was done and materials furnished at the request of the owner of the building, who, on the 4th day of April, 1896, paid on account $50, and on the 23rd day of May, 1897, $180, and that there is yet due and unpaid on said account $469.96. Proof of the filing of a notice by said appellants of their intention to hold a lien on said property was also made. It was also shown that the payments made by the owner of the building on this account were made upon the general account, and not for the purpose of settling any specific item of the bill of particulars. The appellee offered no evidence. Upon the part of appellants Byrely and Byrely, the evidence was to the effect that they were employed by William White, the owner of the property described in the cross-complaint of these appellants, in the month of October, 1896, and did work upon and furnished material for said White's Opera House under such employment up to the 22nd day of May, 1897, and that there is due and unpaid to said appellant, under such employment, the sum of 586.22; that the work done on the 22nd day of May, 1897, was in completion of the original contract entered into by and between said appellants and the owner of the building long prior to the time when said item of work was done. Proper proof of the filing of said appellant's notice to hold a lien upon said property was made. The evidence introduced by appellee supports,

rather than contradicts, the evidence of the cross-complainants.

The situation in this cause is such that if any one of the cross-complainants is entitled to the relief asked, they are all entitled to such relief. Under the evidence, they all have practically the same case. After a most careful examination of all the evidence in this cause and of the authorities controlling the questions arising thereon, we are firmly convinced that the finding and judgment of the lower court as to each and all the appellants is contrary to law. The evidence shows that appellants' accounts were open and running accounts, and had not been closed either by payment, settlement, or completion of the work. They each show an item of labor done, or material furnished, within the statutory period for filing the notice of intention to hold a lien. The contract of employment in each case must be treated as continuous, there being no certain time for payment, no certain amount agreed to be paid, no certain and specified amount of work to be done, and no certain time when the services should end. The fact that the work was interrupted, or any certain parts of it completed, would not make it necessary, under our statute, for the claimants to file a notice and acquire a separate lien for each part and parcel of the work; and the notice, when filed within the statutory limit of time dating from the last item of work done or material furnished, will reach back and include all the items charged under the general employment. In the case of the *Premier Steel Co.* v. *McElwaine Richards Co.*, 144 Ind. 614, one of the findings of the lower court was as follows: "In 1892 said company was engaged in making extensive improvements upon said real estate, and notified appellee that it would need therein a large amount of steam, gas and water pipes, ma-

terials appellee was then engaged in selling, and that as it should order from time to time, appellee should supply such materials at the best prices, which appellee agreed to do. 'In October, 1892, and continuing thereafter until the appointment of said receiver appellee furnished said company, upon its orders from time to time, material, each being a separate order, for construction, erection and repairing of said plant and all the buildings on said real estate, to the amount and value of $7,716.66, upon which there was paid by said company $4,220.63, leaving unpaid at the commencement of this suit $3,496.03, which is still unpaid and was due May 6, 1893. The material furnished by the appellees was for the use, benefit and betterment of all said property as a whole, and all of said material was used in said construction, erection and repair as aforesaid, except material to the amount and value of $212.'" In the same case the Supreme Court, in disposing of the appellants' attack upon the quoted finding, say, on pages 620, 621, of said opinion: "It is objected also that the findings having disclosed the furnishing the materials upon separate orders, beginning in October, 1892, and closing in May, 1893, 'which constituted independent contracts, yet the notice attempted to include all and was not filed until May 12, 1893, much more than sixty days after the materials had been furnished under most of the contracts.' The error in this contention is in construing the facts found as disclosing a separate contract for each order of material. We think it clear, from the special finding, that the contract was made in October, for the materials to be supplied from time to time as needed in making the repairs and improvements, the making of which occupied the period between October and May 6, and the lien having been filed May 12, was within the time required by

statute. If each order and delivery of materials during the progress of an improvement constituted a separate contract and required a separate lien, it will be readily seen that instead of providing a practical, simple, and efficient method of security to the laborer and material man, as the statute certainly intends, a complication would arise requiring many liens or the delivery of all materials at one time or the performance of all labor by continuous and uninterrupted service." And in the case at bar the appellee contends that the evidence shows that the last items in the separate bills of particulars, upon which appellants each claim to hold their liens, are items of labor done and material furnished upon an entirely different and separate contract from the other items in said claims. We cannot so hold. The evidence, in our opinion, shows that each of the firms represented by appellants were employed in the general purpose of changing, repairing and remodeling the building upon which they are seeking to enforce their liens. It also shows that each item of the indebtedness which goes to make up the several claims was for either labor or material contributed by appellants toward such general purpose, all of which was done at the special instance and request of the owner of the property. This court, in the case of *Trueblood* v. *Shellhouse*, 19 Ind. App. 91, following the law as stated by the Supreme Court in *Smith* v. *Newbaur*, 144 Ind. 95, held that, "when materials were furnished in part to the contractor and in part to his subcontractor, and the notice of the lien was filed by the material man after the expiration of the statutory period of limitations as to one of such bills, but within such period as to the others, the expired claim may be tacked to that of a later date and thus avoid the statutory limitation." Such being the law, there is

much greater reason for holding that a lien will not be defeated because the various items of work done or material furnished at the request of the owner of the building are disconnected as to time, if it is clearly shown, as it is here, that the last item was fairly within the statutory limitation; and it must also be held that, the notice of intention to hold a lien therefor being filed within sixty days from the furnishing of the last item, the lien relates back to and includes the whole account. *Smith* v. *Newbaur, supra;* Boisot Mech. Liens, section 408. We must therefore conclude that the judgment of the lower court was contrary to law. Reversed, with instructions to the lower court to sustain the separate motions of appellants for a new trial, and for further proceedings not inconsistent with this opinion.