DIX ET AL. *v.* WILLFRED COAL COMPANY ET AL.

[No. 11,014.   Filed October 28, 1921.]

MECHANICS' LIENS.—*Time of Filing.*—*Separate and Distinct Contracts.*—*Tacking Together to Enlarge Time of Filing.*—Where
purchases of materials were separate and distinct transactions
made for separate and distinct purposes, and were ordered and
used as needed in conducting the business of defendant, though
the transactions were between the same persons and the purchases were made on an open and continuous account, the contracts cannot be tacked together so as to enlarge the time for
filing a lien.

From Sullivan Circuit Court; *William H. Bridwell,*
Judge.

Action by Parintha B. Dix and others against the
Willfred Coal Company and others.   From the judgment rendered, the plaintiffs appeal.   *Affirmed.*

*Charles D. Hunt,* for appellants.

*Adamson & Gallagher* and *Ray H. Briggs,* for appellees.

NICHOLS, P. J.—This was an action by appellants
against appellees on account and to foreclose a mechanic's lien.   Appellees challenge the sufficiency of the brief
to present any question for our consideration, but we

hold that the brief shows a good-faith effort, and we are able from it to understand the real question involved. We deem it proper to remark, however, that while an examination of what purports to be the evidence shows that the special findings of the court are supported by some evidence, it does not appear by the brief that any time was ever granted within which to file a bill of exceptions containing the evidence and proceedings at the trial, or that such bill of exceptions was ever filed. There is therefore no question presented by the court's ruling on the motion for a new trial.

As appears by the special finding of facts, so far as here involved, on April 10, 1917, appellee Gardner executed to one Freeman a written lease, with an option to purchase the real estate involved, which lease and option was on May 31, 1917, duly assigned by said Freeman to appellee Willfred Coal Company, which lease provided, among other things, "that said lessee shall within thirty days from the date hereof begin putting said properties into shape to actively mine coal and that within six months from the date hereof he will expend for machinery, improvements and betterments on said properties not less than the sum of $15,000; $5,000 of which sum has been this day deposited by said lessee with said lessor to apply upon said improvements and betterments, * * * all of which improvements, betterments, fixtures and equipments made upon or added to said mines or premises by said lessee at any time during the continuance of this lease shall become the property of said lessor upon the termination of said lease, unless said lessee shall exercise the option to purchase hereinafter granted to him during the term of this lease as herein provided." Appellants furnished material for appellee coal company as follows: March, 1918, $90; April, 1918, $42.80; May, 1918, $25.12; June, 1918, $730.97; September, 1918, $2.70; November, 1918,

$127.89. Appellants filed their notice of lien December 24, 1918. At that time there was due appellants, after deducting payments and certain items for which it was conceded that there was no right to a lien, $862.11. The court found that on and prior to March 19, 1918, the coal company was engaged in the repair and betterment of the mine situated on the real estate involved, and its superintendent, Harry Conkle, from time to time at the dates designated ordered of appellants material therein mentioned without any designated price, and that said orders from time to time, of said material constituted one continuous account between the coal company and appellants, but that the purchases of material made by the coal company, were separate and distinct transactions and were made as separate and distinct purchases for separate and distinct purposes and on the dates set forth, and were used and ordered as needed and required in the conducting of the business of the coal company, and in repairing and improving property located on the real estate involved.

After finding that appellants were entitled to $200 attorneys' fees, the court stated as its conclusions of law that appellants were entitled to a judgment against the coal company for $862.11, but that they were entitled to foreclose their lien for but $327.89, which was the amount of the purchases made in November, 1918, plus the $200 attorney's fees, and gave personal judgment against the coal company, and decree of foreclosure of mechanic's lien in harmony with the conclusions. Appellants challenge the conclusions, and contend that the material was furnished on a job from time to time, and that the account was an open continuous account consisting of various items, and that as the last item was furnished within sixty days of the

notice, the same will relate back and attach to all the material furnished. Among the authorities cited by them to sustain their contention are the following Indiana cases: *Patton* v. *Matter, Tr.* (1898), 21 Ind. App. 277, 52 N. E. 173; *Smith* v. *Newbaur* (1896), 144 Ind. 95, 42 N. E. 40, 33 L. R. A. 685; *Premier Steel Co.* v. *McElwaine-Richards Co.* (1896), 144 Ind. 614, 43 N. E. 876. But an examination of these cases discloses but one entire contract as to each lien, while in the instant case the court finds that the purchases made were separate and distinct transactions, and were made as separate and distinct purchases, for separate and distinct purposes, and were used and ordered as needed and required *in the conducting of the business of the coal company,* and in repairing and improving the property located on the real estate involved. Separate and distinct transactions, with their separate and distinct purchases for separate and distinct purposes of necessity, involved separate and distinct contracts, express or implied. Under such circumstances the rule as expressed in 27 Cyc 144, that: "Where labor or materials are furnished under separate contracts, even though the contracts are between the same persons and relate to the same building or improvement, the contracts cannot be tacked together so as to enlarge the time for filing a lien for what was done or furnished under either, but a lien must be filed for what was done or furnished under each contract within the statutory period after its completion," must prevail. With this well-established rule before us, we are constrained to hold that the court did not err in its conclusions of law.

The judgment is affirmed.