ALLEN, Acting Chief Judge.
The appellant was one of several defendants in a foreclosure suit brought by appellees, Kagan and Lown, against the owners and mortgagors of certain realty in St. Lucie County, and other persons having claims against the land. The appellant held a recorded mechanic’s lien against the realty and was made a party defendant. Final decree of foreclosure was rendered and defendant, Darling, entered this appeal.
In late 1957, the appellant was hired by the owners of the land to prepare a subdivision plat. Appellant, an engineer and and surveyor, went onto the land, checked it for familiarization and then prepared the plat.
On January 10, 1958, the land owners executed an $80,000 note secured by a mortgage on this land. The mortgage was recorded. Appellees, Kagan and Lown, acquired the note and mortgage by purchase on the same day and their attorneys knew that appellant, Darling, had been hired to prepare the plat. In August, 1958, Darling recorded his plat with the County Commissioners and also recorded a lien against the land.
In June, 1959, this foreclosure suit was commenced because of default of the mortgagors. Defendant, Darling, answered, denying the priority of plaintiff’s mortgage, and counterclaimed to foreclose the mechanic’s lien for $2,154.61 against the land.
Testimony was taken by the court below without a jury and the final decree found the lien of the mortgage held by plaintiff-appellees, Kagan and Lown, to be superior to all other liens. The property was ordered sold if the mortgagees were not paid within 27 days. Appellant’s petition for rehearing was denied by order dated subsequent to the date of the sale of the land pursuant to the decree. The clerk below then filed his certificate of sale after which appellant filed notice of appeal and one assignment of error alleging that the lower court erred in holding his lien inferior to the mortgage lien. Subsequently, the clerk filed his certificate of disbursements (for clerk’s fee and stamps) and a certificate of title. Appellant then filed objection to disbursements alleging that he had not been served with a copy of the decree or of the certificates mentioned above. The objection was overruled and appellant then filed' an additional assignment of error alleging-error in the overruling of his objection to the clerk’s certificate of disbursements.
Appellant argues that within the intent of Ch. 84, Florida Statutes, F.S.A., the-Mechanic’s Lien Law, he had begun the-first actual work of improving real property by the preparation of his plat and that,, furthermore, the mortgagees and the owner had actual knowledge that appellant had done this work. Ch. 84.02 states, in part:.
“ * * * Any person who performs services as architect, landscape architect, or engineer shall, subject to said' compliance, limitations and priorities,, have a lien on the real property improved for any money that shall be owing to him for his services in preparing plans, specifications or drawings used! in connection with improving the reall property, or for his services in supervising any portion of the work of improving the real property, rendered in accordance with his contract and with the direct contract. * * * ”
The following definitions are set forth in Ch. 84.01:
“ ‘Improve’ means build, erect, place, make, alter, remove, repair or demolish any improvement upon, connected with, or beneath the surface of any land, or excavate any land, or furnish materials for any of such purposes, or perform any labor or services upon such improvement; or perform any labor or services or furnish any materials in laying in the adjoining street or alley, any pipes, wires, curbs or sidewalks, or in *601 grading, seeding, sodding or planting for landscaping purposes, or in equipping any such improvement with fixtures or permanent apparatus.
“ ‘Improvement’ means any building, structure, erection, construction, demolition, excavation, landscaping, or any part thereof existing, built, erected, placed, made or done on land for its permanent benefit.
******
“ ‘Visible commencement of operations’ means the first actual work of improving upon the real property * * ”
'Ch. 84.03(1) provides:
“(1) All liens provided by this chapter shall relate to and take effect from ■the time of the visible commencement •of operations. * * * ”
The appellant, in his brief, states the ■following two points:
1. “Whether or not it was error to overrule appellant’s objection to disbursements when he had not received ■copies of the final decree and the various certificates of the clerk below con•cerning sale of the land.”
2. “Whether or not the lower court ■erred in holding appellant’s lien inferior to that of appellees’ mortgage when ap-pellees actually knew appellant had prepared his subdivision plat.”
The appellant, in his brief, has not ■shown where he was injured in any way by the failure to be served with a copy of the ■final decree entered herein on July 18, 1960, or the failure of the clerk to furnish him with a copy of the certificate of the sale and disbursements.
The appellant filed a petition for rehearing, which was argued before the court ■and denied by the court. Any technical error committed was, as far as the record ■shows, a harmless one so we shall not further allude to this question.
The appellant stated on cross-examination, with reference to the work which he did on the property in question: That he first started work on the property before Christmas, toward the middle of December of 1957; that another surveyor had been hired by Mr. Zukerman (one of the property owners) and he realized that he could not comply with county regulations pertaining to the filing of plats because he was not a registered engineer; that the appellant took the plats that he had prepared (apparently the previous surveyor had made) and revised them to make them comply with county requirements; that he went out to the property and checked it over to get the lay of the land, and in response to the following question he testified:
“Q. All right. You went out and looked at the property? A. Yes, sir.
“Q. Now, what else did you do at the property, if anything? A. I strongly suspect I picked a box of oranges.
“Q. Other than that? A. I don’t recall. I do know there were stakes in the ground which I verified by pacing them out to see if the distances were substantially correct.
“Q. Those were put there by someone else, were they not? A. That is right, that was on the previous work done.
“Q. The only thing you did on the property was go out and look at it and determine what you thought would be added to these plats and so forth, on the property? A. I would say that is the only amount that I could have done under the circumstances, there are certain preliminaries that have to be accomplished.
“Q. But that is all you did? A. That is right.
“Q. Prior to January 10, 1958? A. That is right, that is all I could have done.”
*602 It will be observed from the testimony of the appellant that whatever was placed on the property to show visible beginnings of operation, etc., was worked by another surveyor and not by the appellant.
It is clear to this court that the appellant did not come within the purview of Chapter 84.01, which defines visible commencement of operations.
The appellees, in their brief, quote from Phillips on Mechanic’s Liens, 3rd Edition, page 387 :
“ ‘ “What this law means is some work and labor on the ground, the effects of which are apparently easily seen by everybody; such as beginning to dig the foundation, or work of like description, which everyone can readily see and recognize as the commencement of a building.” ’ ”
The following statement appears in 6 Miami Law Quarterly, page 250:
“Although there are a few cases in other jurisdictions which collectively show a cleavage point, the courts have given a clear picture and definition of what constitutes ‘visible commencement of operations’; i. e., that type of improvement that takes on the appearance that positive construction is in progress. This has not caused as much confusion as the employment of the doctrine of relation back. The statute in question is very clear and reads as follows:
“ ‘All liens * * * shall relate to and take effect from the time of the visible commencement of operations except that, where demolition is involved * * *.’ ”
The appellant performed no work on the premises from which a person interested in buying the property or financing the- purchase of such property would know that work had commenced, etc., which would put him on notice that a lien might be claimed.
The appellant also argues, and his question states:
“Whether or not the lower court erred in holding appellant’s lien inferior to that of appellees’ mortgage when appellees actually knew appellant had prepared his subdivision plat.”
The appellant, defendant below, filed as an exhibit a copy of a letter which he had written to Mr. Martin Zukerman in which he stated:
“In accordance with your request, I have examined your proposed plat of River’s Edge and, in my opinion, it meets all of the requirements of St. Lucie County, Florida, for subdivisions.”
The appellant also filed in the lower court a copy of a letter from Jackson and Fortner, Attorneys at Law, Palm Beach, Florida, signed by Mr. Fortner, who represented the appellees, Kagan and Lown, in the mortgage transaction, to J. M. Sample, Esquire, in re: Messrs. Zukerman and Sickler, which contains this paragraph:
“We had planned to be in Fort Pierce on January 10, 1958, to attend the closing of this transaction, but we suppose this closing date may be contingent upon securing the approval of the County Commissioners of the plat and the performance bond.”
We do not find that the record discloses sufficient knowledge of the operations of the appellant to estop the holders of the mortgage involved in this case from claiming a priority of the mortgage over that of the lien asserted by the appellant.
Finding no error in the record, the lower court is affirmed.
Affirmed.
KANNER and SMITH, JJ., concur.