RAMSEY *v.* PEOPLES TRUST & SAVINGS BANK ET AL.

[No. 20,742. Filed December 2, 1970. No petition for rehearing filed.]

*F. Wendell Lensing,* of Evansville, for appellant.

*William M. Evans, Bose, Buchanan, McKinney & Evans,* of Indianapolis, *Waldo Hendrickson,* of Boonville, for appellee, Peoples Trust & Savings Bank.

CARSON, J.—This action was brought in the Spencer Circuit Court by appellant, as plaintiff below, to foreclose a mechanic's lien upon real estate owned by the Peoples Trust & Savings Bank of Boonville, Indiana. The issues were formed by the appellant's complaint, which complaint alleged work performed by the appellant for both appellees pursuant to appellant's contract with the appellee, Charles Spokane, on real estate owned by appellee-Bank. The complaint alleged breaches of contract by appellees, the balance owing upon the contract, the filing of notice of appellant's intention to hold mechanic's lien upon the real estate and the building thereon belonging to appellee-Bank, and praying recovery of the sum due from appellee-Spokane, costs of the suit, and further praying foreclosure of the lien against the real estate and building of appellee-Bank, and for attorneys' fees, the foreclosure of the lien, the selling of the premises and for application of the proceeds to the satisfaction of the amount due. A special appearance was filed by Charles Spokane, appellee, who then filed a plea in abatement, to which plea in abatement appellant answered, and the court having heard the evidence on the plea in abatement found for the appellant thereon. Counsel for Charles Spokane then asked for permission to withdraw appearance as attorney for appellee, Charles Spokane, and showed the court that appellee-Spokane had filed a voluntary petition in bankruptcy. The court granted permission and appellee-Spokane was defaulted.

The appellee, Peoples Trust & Savings Bank, filed answer in three paragraphs: the first paragraph in compliance with Rule 1-3, Rules of the Supreme Court of Indiana, denying the allegations of the complaint with the exception of ownership of the real estate; the second paragraph alleging that the appellee-Bank had a written contract with appellee-Spokane, which contained a non-lien agreement, that the agreement was recorded, notice posted and all things done to establish the appellee-Bank's rights that no lien should attach to the real estate, and that the appellant recover nothing from appellee-Bank; and the third paragraph alleging in the first part that

the alleged no-lien agreement was recorded, that the appellant had been fully paid for all work, labor and materials set forth in appellant's complaint, that appellant had actual and constructive knowledge of the alleged no-lien agreement, that appellant was, therefore, not entitled to claim a mechanic's lien, and secondly, that the filing of the lien by the appellant was done unlawfully, maliciously and with ill will and intent to harm appellee-Bank, and that appellee-Bank had suffered irreparable damage and injury in the amount of $15,000.

To the second and third paragraphs of answer, appellant filed demurrers. Appellant's demurrer to the second paragraph of answer alleged that the said paragraph was not sufficient to constitute a defense to the complaint for the reason that the subject labor was commenced prior to the alleged execution of the no-lien contract and that the execution of such a contract after labor was commenced, did not take away the lien rights. This demurrer to the second paragraph of appellee-Bank's answer was sustained. The demurrer to the first part of the third paragraph of answer stated that the facts alleged were not sufficient to constitute a cause of defense, that the same was predicated upon the proposition that a no-lien contract cannot be effective against a subcontractor who began work prior to the creation of said contract. The appellant alleged that the law of the State of Indiana requires that a no-lien contract be executed, recorded and the job site posted before the commencement of work, and that appellant's rights to a lien could not be extinguished by the subsequent execution of a no-lien contract. The demurrer to the third paragraph of answer was overruled.

This cause was venued to the Spencer Circuit Court and there the appellant filed a reply to the third paragraph of answer of appellees under the provisions of Rule 1-3, *supra*.

Default judgment was rendered against appellee-Spokane; and final judgment was rendered against appellee-Spokane in the amount of $9,912.22.

Trial was to the court without jury and the court found against the appellant on his complaint against appellee-Bank and awarded appellee-Bank judgment for costs in the action against plaintiff-appellant. The court further found against appellee-Bank on its cross-complaint for damages.

Following the entry of judgment, plaintiff-appellant filed a motion for new trial, with memorandum, on the following grounds:

1. The decision of the court is not sustained by sufficient evidence; and
2. The decision of the court is contrary to law.

Appellant's sole assignment of error is the overruling of his motion for a new trial. Various proceedings followed the overruling of the motion for new trial, but they are of no importance to this appeal.

Appellant, in his brief, argues the following five points:

Point I.   The contract was not a bar to appellant's lien in that the complete contract was not in writing.

Point II.  The instrument was ineffective as an independent waiver of lien agreement due to lack of consideration.

Point III. Appellee-Bank did not prove authority of Santelli to contract for appellee-Spokane.

Point IV.  Work under the contract had commenced prior to posting of required notice.

Point V.   Appellant should have recovered judgment for furnishing machinery and performance of labor in demolishing buildings.

## ISSUES WAIVED

Rule 1-14B, Rules of the Supreme Court of Indiana, 1967 Revision, reads as follows:

"New Trial—Memorandum. Whenever a new trial is requested on the ground or grounds 'that the verdict or decision is not sustained by sufficient evidence or is contrary to law', the moving party shall file a memorandum stating specifically under such itemized cause

wherein such evidence is insufficient or the verdict or decision is contrary to law. The party filing such motion shall be deemed to have waived any ground not specified in the memorandum. Adopted January 13, 1967. Effective March 1, 1967."

Appellant's arguments listed under Points I and III are, therefore, waived in that they are not specified in the memorandum.

## SUFFICIENCY OF THE EVIDENCE PRESENTS NO QUESTION FOR REVIEW

Appellant asserts that, nothwithstanding the negative judgment, he may question the sufficiency of the evidence when the decision of the court is based on an affirmative answer (defense) by defendant. *McFarland* v. *Christoff* (1950), 120 Ind. App. 416, 424, 92 N. E. 2d 867. While we agree with the holding in *McFarland,* we see no reason to apply it here.

The record does not disclose upon what basis the trial court made its decision. The decision *may* have been made on the strength of appellee-Bank's argument; however, the decision might also have been based on the weakness of appellant's case. The record is not definitive as to this point, and in the absence of substantial evidence showing that the decision was based upon the affirmative answer of appellee-Bank we have no justification to and cannot apply the law as above set forth in *McFarland* to the facts we have before us.

## DECISION OF THE COURT IS NOT CONTRARY TO LAW

The assignment of error to the effect that the decision of the court is contrary to law presents for our consideration the determination of whether or not appellant has demonstrated reversible error under the requirements of the rule laid down in *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669, at 673:

"It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached

an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law." See also: *Hinds, Executor, Etc.* v. *McNair, et al.* (1956), 235 Ind. 34, 41, 129 N. E. 2d 553.

In the plaintiff-appellant's case he chiefly admitted that he had no contract with appellee-Bank; that he saw the no-lien contract between Spokane and the Bank which had been recorded in the County Recorder's office; and that he thought defendant's Exhibit No. 49 might be that contract but that it had been three years since he saw it in the Recorder's office and he could not be certain. This uncertainty on his part is erased, however, since the parties stipulated with reference to the exhibits.

The only real question for our consideration here is whether or not the contract as it existed between Spokane and the Bank met the requirements of the statute which regard to a no-lien contract. Acts 1963, ch. 376, § 1, p. 963, Ind. Stat. Anno., § 43-701, Burns' 1965 Repl., provides in pertinent part as follows:

> "No provision or stipulation in the contract of the owner and principal contractor that *no lien shall attach to the real estate,* building, structure or any other improvement of the owner shall be valid against subcontractors, mechanics, journeymen, laborers or persons performing labor upon or furnishing materials or machinery for such property or improvement of the owner, *unless the contract containing such provision or stipulation shall be in writing, and shall contain specific reference, by legal description of the real estate to be improved and shall be acknowledged as provided in case of deeds and filed and recorded in the recorder's office of the county in which such real estate, building, structure or other improvement is situated not more than five [5] days after the date of execution of such contract. The contract herein provided for shall be without effect upon labor, material or machinery supplied prior to the time of the filing with the recorder of the said contract.* \* \* \*." (Emphasis supplied.)

It is our opinion that reasonable minds would necessarily arrive at the same conclusion reached by the trier of fact.

## POINT II

We agree with appellant's contention that a waiver of mechanic's lien should be supported by a consideration in order to be effective. 57 C.J.S., *Mechanic's Liens*, § 223, p. 795. However, we cannot say that the agreement between appellee-Bank and appellee-Spokane violated this fundamental rule of contracts. The paragraph setting out the consideration in the waiver of lien contract between the Bank and Spokane is as follows:

> "2. For and in consideration of the mutual promises contained in said separate agreement and herein and for the further consideration of one dollar ($1.00) and other good and valuable consideration the receipt of which is hereby acknowledged, the contractor does hereby waive and relinquish all right to a lien upon the real estate upon which the building is to be erected according to the terms of said specifications, plans and agreement."

The above paragraph clearly sets out as consideration mutual promises[1] in addition to $1.00 and other good and valuable consideration. While the consideration of $1.00 and other good and valuable consideration may not be equivalent to the value of the waiver, sufficient consideration does exist in our opinion. It is not necessary that a consideration and a promise should be equivalent in actual value. *Knarr* v. *The Sand Creek Turnpike Co.* (1873), 45 Ind. 278.

Appellant's final argument under this point is that the contract for waiver of lien lacks mutuality and is thus void. Our Supreme Court in *Jordan* v. *Indianapolis Water Co.* (1902), 159 Ind. 337, at 346, 64 N. E. 680, at 683, stated:

> "It is enough to give mutuality to a contract that is entire on its character, if there is a consideration on both sides for its performance."

---

1. See: *Downey* v. *Hinchman* (1865), 25 Ind. 453.

It is our opinion the contract in question contained adequate consideration and, thus, appellant's argument under Point II is untenable.

## POINT IV

Under appellant's fourth point we are left to determine whether appellant began work on the construction site before the signing of the waiver of lien contract.

Appellant argues that work began when he moved his machinery to the site of construction on October 15, 1962. Our Supreme Court in *Potter Mfg. Co.* v. *A. B. Meyer & Co.*, (1909), 171 Ind. 513, 517, 86 N. E. 837, held that any laborer on a structure has a right to a mechanic's lien for such labor and, furthermore, if he *uses* machinery in connection therewith, he is entitled to a lien for the work performed by such machinery. The evidence most favorable to appellee-Bank in the instant case is to the effect that appellant *did not* use the machinery prior to the signing and posting of the waiver of lien contract. See also: *Darling* v. *Kagan,* (Fla. App. 1961), 133 So. 2d 599; *Kiene* v. *Hodge,* (1894), 90 Iowa 212, 57 N. W. 717.

Appellant having failed to commence work on the project prior to the signing and posting of the waiver of lien contract precludes his right to claim he was outside the no-lien contract as argued in Point IV.

## POINT V.

Appellant's final argument concludes that he should have been compensated for the demolition and clearing the buildings upon the subject premises. The evidence most favorable to the appellees shows that the contract for demolition of the old buildings was performed under a separate agreement and was completed by November 1, 1962. In *Dix* v. *Willfred Co.,* (1921), 76 Ind. App. 511, at 514, 132 N. E. 595, at 596, this court held as follows:

"Separate and distinct transactions, with their separate and distinct purchases for separate and distinct purposes of necessity, involved separate and distinct contracts, express or implied. Under such circumstances the rule as expressed in 27 Cyc 144, that: 'Where labor or materials are furnished under separate contracts, even though the contracts are between the same persons and relate to the same building or improvement, the contracts cannot be tacked together so as to enlarge the time for filing a lien for what was done or furnished under either, but a lien must be filed for what was done or furnished under each contract within the statutory period after its completion,' must prevail. With this well-established rule before us, we are constrained to hold that the court did not err in its conclusions of law."

Point V under appellant's argument is without merit in that the demolition and clearings of buildings upon the subject premises was performed under a prior contract.

It, therefore, follows logically that appellant is not entitled to include work completed under a contract to which the present lien has no bearing.

For the foregoing reasons, the judgment of the trial court should be affirmed.

Judgment affirmed.

Lowdermilk, C.J., and Sullivan, J., concur; Lybrook, J., not participating.

NOTE.—Reported in 264 N. E. 2d 111.