**WAVETEK INDIANA, INC., Appellant (Defendant Below),**

v.

**K.H. GATEWOOD STEEL CO., INC., (Plaintiff Below),**

**J.A. House, Inc., Hugh J. Baker & Co., Inc., James O. Held Company, SMI Recycling & Disposal, Inc., Appellees (Defendants/Cross-Plaintiffs Below).**

No. 2–283A66.

Court of Appeals of Indiana, Third District.

Jan. 3, 1984.

Rehearing Denied Feb. 22, 1984.

266

Bruce A. Cordingley, Richard A. Bierly, Ice, Miller, Donadio & Ryan, Indianapolis, for appellant.

Tony Foster, Indianapolis, for appellee K.H. Gatewood Steel Co., Inc.

HOFFMAN, Judge.

Appellant Wavetek Indiana, Inc., appeals from judgment of the Marion Superior Court ordering the foreclosure of a mechanic's lien in favor of appellee K.H. Gatewood Steel Company, Inc.

In August 1979, Sheppard Construction, Inc., agreed to construct a new manufacturing building for Wavetek. On September 25, 1979, Sheppard subcontracted with Gatewood for structural steel work associated with this project. Sheppard and Gatewood proceeded with their respective work on the building in conformance with plans specified by Wavetek in August. In spite of their earlier agreement, Wavetek and Sheppard executed a comprehensive written contract for work already completed and work yet to be done on December 14, 1979. This contract contained the following no-lien provision:

"ARTICLE 8

NO LIEN CONTRACT

This contract is a no-lien contract. Neither the Contractor nor any subcontractor, mechanic, journeyman, laborer or other person performing labor upon or furnishing materials, machinery or equip-ment for the property or improvements of the Owner shall have any right to any lien upon such property or improvement. In the event the Work to be performed under this contract is modified or altered, or in the event that there are any extras performed by or under the supervision of the Contractor which are not part of the original contract, it is agreed by the Owner and Contractor that the foregoing 'no-lien' provisions shall apply to any such modified, altered, or extra work, materials, labor, machinery or equipment. The property of the Owner upon which such improvements are to be built and upon which the Work is to be performed is described on Exhibit D, a copy of which is attached hereto and made a part hereof."

This no-lien agreement was duly recorded in conformance with Indiana statute, and filed in the office of the Marion County Recorder, on December 17, 1979. Gatewood was never informed of the existence of the principal contract or of this no-lien agreement.

On February 1, 1980, Gatewood executed a Waiver of Lien document releasing all lien rights accrued at that point in time. Later that month, Sheppard solicited bids for additional light structural steel work, eventually accepting Gatewood's bid of $15,200. By August 1, 1980, all work had been completed on the original contract between Sheppard and Gatewood. Gatewood completed work under the second contract on August 26, 1980, and submitted a final invoice to Sheppard showing a balance due of $90,299.10. Gatewood recorded its Notice of Intention to hold a Mechanic's Lien for this amount on October 10, 1980. On October 29, 1980, Sheppard notified its subcontractors that it was stopping all work on the Wavetek building due to financial difficulties.

Gatewood filed this action in the Marion Superior Court on November 26, 1980, naming Wavetek, Sheppard, and various subcontractors as defendants. Count I of Gatewood's complaint sought to foreclose a mechanic's lien against Wavetek's property

in the amount of $90,299.10. Count II alleged a right to recover against Wavetek and Sheppard on a theory of *quantum meruit.* A bench trial was held resulting in an order to foreclose Gatewood's mechanic's lien. Additionally, Gatewood was awarded $8,000 in attorney fees and $17,-531.87 in prejudgment interest.

Wavetek first asserts that the trial court erred as a matter of law in failing to find that Gatewood had two separate contracts with Sheppard, and that the right to acquire a mechanic's lien under the first contract had expired. The trial court's findings of fact indicate that Sheppard executed one contract with Gatewood in the gross amount of $346,857. This finding contradicts all evidence produced at trial on this issue. The record indicates that Gatewood entered into a contract with Sheppard on September 25, 1979. This contract was for specified structural steel work, and a price of $330,257 was agreed upon. In March of 1980, Gatewood submitted a written bid to do certain light structural steel work in conformance with new architectural plans forwarded by Wavetek. Sheppard accepted this bid for the price of $15,200, and Gatewood began work while still performing under its *earlier* contract. Without a doubt, two contracts were executed between Sheppard, as general contractor, and Gatewood, as subcontractor.

The real issue in this regard is whether Gatewood properly filed within statutory time requirements in order to effectively secure mechanic's liens against Wavetek's property. IND.CODE § 32–8–3–3 provides in part that:

"Notice of intention to hold lien; filing Sec. 3. Any person who wishes to acquire a lien upon any property, whether his claim be due or not, shall file in the recorder's office of the county, at any time within sixty (60) days after performing such labor or furnishing such materials; or machinery, described in section 1 [32–8–3–1] of this chapter, a sworn statement in duplicate of his intention to hold a lien upon such property for the amount of his claim, specifically setting forth the amount claimed, the name and address of the claimant and the name of the owner, and shall give legal description, street and number, if any, of such lot or land on which the house, mill, manufactory or other buildings, bridge, reservoir, system of waterworks or other structure may stand or be connected with or to which it may be removed."

Because this statute is in derogation of the common law, its provisions must be strictly construed. *Wiggin v. Gee Co.,* (1979) 179 Ind.App. 631, 386 N.E.2d 1218. One asserting rights to a mechanic's lien bears the burden of bringing himself within the provisions of this statute. *William F. Steck Co. et al. v. Springfield,* (1972) 151 Ind.App. 671, 281 N.E.2d 530.

In the case at bar, Gatewood failed to prove its Notice of Intention to Hold a Mechanic's Lien under the first contract was timely filed. The only evidence in the record indicates the last work done under this contract occurred prior to August 1, 1980. Gatewood failed to file until October 10, 1980, thereby exceeding the sixty-day time limit. Having failed to strictly comply with statutory requirements, Gatewood is foreclosed from obtaining a mechanic's lien for the unpaid balance of this contract.

In regard to the second contract, the trial court correctly found Gatewood's notice timely filed, since work continued on this project until August 26, 1980. Gatewood now asserts that these two contracts were component parts of the same project, and timely filing under one contract is sufficient to obtain a lien for all money due on the entire project. However, where labor or materials are furnished under separate contracts, even though the contracts are between the same persons, and relate to the same building or improvement, the contracts cannot be tacked together to enlarge the time for filing a lien for what was done or furnished under either, but a lien must be filed for what was done under each contract within the statutory period after its completion. *Dix v. Willfred Coal Co.,* (1921) 76 Ind.App. 511, 132 N.E. 595; 27

Cyc. p. 144. Clearly the trial court erred in this regard.

While Gatewood did timely file for a lien under the second contract, Wavetek now contends that the trial court erred in failing to recognize the effect of the no-lien provision contained in the December 14, 1979 contract. The trial court specifically found that:

"4. The Agreement so recorded December 17, 1979, contains prohibitions against liens by Contractor and Subcontractors in a Rider to the Contract which appears between the signature portion of the Standard Form of Agreement and the proposals of Sheppard to Wavetek dated June 21, 1979, and July 27, 1979, which are also attached and referred to in Article 4 of the Standard Form of Agreement as Contract 1 and Contract 2. (Wavetek Exhibit F).

"5. The General Contractor, Sheppard Construction, Inc., received no new consideration whatsoever for the execution of such Standard Form of Agreement between Owner and Contractor.

"6. The Standard Form of Agreement between Owner and Contractor required the Contractor to do the exact same work as described in the proposals of the Contractor to the Owner on June 21, 1979, and July 27, 1979.

"7. The Standard Form of Agreement between Owner and Contractor provided for the exact same consideration and payment to the Contractor from the Owner as originally provided for in the proposals of June 21, 1979, and July 27, 1979."

These findings are unsupported by the evidence. The record discloses that Sheppard and Wavetek *agreed* to contract for the construction of a building, as evidenced by Wavetek's letter of intent, dated August 10, 1979:

"Dear Mr. Sheppard:

This letter serves as our intent to let a contract for the construction of a 102,000 sq. ft. manufacturing building. This building is to be located at the corner of Churchman ByPass Road and Big Four Road. The contract price is to be approximately $3,091,431.00 including sprinkler costs. The contract is subject to permits and board approvals.

Very truly yours,
R.E. Whisler."

Although the parties relied on this agreement and began performing, no formal contract was executed until December 14, 1979. This contract contained specific terms, additional architectural plans, and an express no-lien provision. The stated contract price exceeded the amount quoted in the August 10 letter of intent by $500.

Contracts for the waiver of mechanic's liens must be supported by consideration. *Urbanational Develprs. Inc. et al. v. Shamrock,* (1978) 175 Ind.App. 416, 372 N.E.2d 742; *Ramsey v. Peoples Trust & Savings,* (1970) 148 Ind.App. 167, 264 N.E.2d 111. Consideration consists of a bargained for exchange. *Urbanational, supra.* To constitute consideration, there must be a benefit accruing to the promisor or a detriment to the promisee. *Urbanational, supra; Trackwell, Admr., v. Irvin,* (1917) 66 Ind.App. 5, 115 N.E. 807.

While the August 10 letter of intent *may* have been legally enforceable, the December 14 contract is controlling. This instrument comprehensively defines the duties and liabilities of the parties. It contained architectural plans not even contemplated at the time the August 10 letter was received. Most importantly, Wavetek agreed to pay $500 more than the amount stated earlier. It is not necessary for consideration to equal the value of a bargained for promise. *Knarr v. The Sand Creek Turnpike Co.,* (1873) 45 Ind. 278; *Ramsey, supra.* Although $500 may not be equivalent to the value of the no-lien provision, this additional consideration is sufficient to support the underlying obligations of the December 14 contract, and further indicates that the parties actually bargained for its terms. This contract effectively bars Gatewood from asserting lien rights under its second contract with Sheppard since it was properly recorded prior to the execution of this March 1980 contract.

It necessarily follows that because Gatewood may not hold mechanic's liens against Wavetek's property, neither is it entitled to attorney fees or prejudgement interest. Since the trial court's original findings do not consider whether Gatewood is entitled to recover under the theory of *quantum meruit* set forth in its complaint, this cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

BUCHANAN, C.J., and SHIELDS, J., concur.