CITY OF EVANSVILLE v. DARRELL RINEHART, A MINOR, BY HIS NEXT FRIEND, EVERETT RINEHART.

[No. 20,673. Filed February 5, 1968. No petition for rehearing filed.]

*Jerome L. Salm, Robert S. Mattews, Ronald Warrum,* of Evansville, *Jerry P. Baugh, Baugh & Baugh,* of Evansville, and *Mark P. Lockwood,* of Princeton, for appellant.

*Sydney L. Berger,* of Evansville, and *Robert Fair,* of Princeton, for appellee.

BIERLY, J.—This action was commenced in the trial court by appellee, filing his complaint in two paragraphs, on the theories of nuisance and negligence.

The first paragraph as summarized by appellant, alleged,

". . . that in 1951 developers of a certain subdivision in the City of Evansville entered into an agreement with the City whereby the developers would construct and maintain for a period of five years a private sewage system to serve the approximately fifty homes in the subdivision; that at the end of the five years if a city sewage system had not yet been extended to serve the subdivision the City would thereafter take over the maintenance of the system in-

cluding the septic, or Imhoff, tank which was the sole treatment facility of the private sewage system installed by the developers; the system was installed and, after five years, the City became responsible for the maintenance of the sewage system and the Imhoff tank; the effluent from the tank discharged into a natural drainage ditch known as Raccoon Ditch or Slough; in 1958 the City installed tile under Vann Avenue to carry the waters of Raccoon Ditch, including the effluent from the Imhoff tank, from one point on the ditch to a point lower down on the same ditch; the effluent from the Imhoff tank received only primary sewage treatment and was not chlorinated or aerated and 'consisted of putrescent, poisonous, infectious and fecal matter, which polluted the waters of said Ditch and contaminated it with dangerous germs'; the waters of Raccoon Ditch flow from the point of discharge of the Imhoff tank through the tile under Vann Avenue and Southeast Boulevard; the waters of Raccoon Ditch containing dangerour [sic] germs constituted a public nuisance unknown to the Appellee but known or should have been known to the Appellant; Appellee while playing along the ditch slipped and fell cutting his knee which became infected as a result of the germs in the contaminated waters of the ditch; Appellee thereby suffered excruciating pain for many weeks being confined to the hospital on many occasions where he was treated with dangerous drugs which placed his life in jeopardy; he sustained permanent injury to his leg and disability to his entire body in the form of osteomyelitis, septic arthritis, overgrowth of his knee and weakened resistance to future trauma or infection all proximately caused by the nuisance maintained by the Appellant; and as a result thereof the Appellee sustained permanent injury in the amount of $85,000."

The second paragraph as summarized by appellant, alleged,

". . . the above charges and added that the Appellant was negligent in maintaining the sewer system and permitting the alleged and dangerous conditions in Raccoon Ditch to exist in that the Appellant permitted the sewage from the Imhoff tank containing dangerous germs to be discharged into Raccoon Ditch without being secondarily treated and was further negligent in permitting sewage containing germs to be discharged into an open ditch without providing a proper outlet for the sewage; as a proximate result of Appellant's negligence the Appellee was damaged in the

same manner as alleged in the first paragraph of Appellee's complaint and in the same amount of $85,000."

The appellant denied the allegations set forth in the complaint of nuisance and negligence.

Trial was had by jury, which returned a general verdict for the appellee in the sum of $40,000.00. Appellant then filed its motion for a new trial, which was overruled, and consequently, such action constituted appellant's sole assignment of error.

Appellant divides his argument into three portions. The first deals with the trial court's action in excluding a portion of the testimony of an expert witness. The second deals with an instruction, and finally, the third deals with the question of excessive damages. For purposes of this appeal we will discuss each portion in the same order.

Appellant, in its motion for a new trial, alleges that:

"The Court erred in sustaining the objections of the plaintiff to the question hereinafter set forth, propounded by the defendant during the direct examination of James M. Clayton, a witness called on behalf of defendant, . . . ."

It appears from the record that Mr. Clayton had testified as to the coliform count per milliliter at two points in Raccoon Ditch, and that, in his opinion, these counts were normal for that type of operation or installation and that in his opinion the Imhoff tank was operating properly at the time of the samples.

He then testified concerning records of other cities that he had reviewed at the Indiana State Board of Health in Indianapolis which had similar sewage treatment plants.

Finally, he was asked the results of these other tests of which he observed in the records of the State Board of Health.

The question was objected to as being hearsay, which objection was sustained by the trial court.

Appellant contends upon appeal, that where an expert witness has given his opinion, the basis upon which he has

formed his opinion should also be allowed, and for that reason, it is an exception to the hearsay rule. Cited as authority is the case of *Trinity Universal Ins. Co.* v. *Town of Speedway* (1965), 137 Ind. App. 510, 210 N. E. 2d 95, and *Walter* v. *State* (1935), 208 Ind. 231, 195 N. E. 268.

While we are in agreement with the above authorities, we are of the opinion that the principles announced in said authorities are not relevant to the question posed.

The question as it was posed did not ask for any basis of a former opinion, but merely asked what results were on record at the State Board of Health from other cities, and from what he had observed how did they compare with those from Raccoon Ditch. See: *Northern Ind. Pub. S. Co.* v. *W. J. and M. S. Vesey* (1936), 210 Ind. 338, 200 N. E. 620.

Appellant's second contention concerns the following Instruction, and appellant's objection thereto:

"The Court instructs you that at all times material herein there was a statute of the State of Indiana in full force and effect which provides:

" 'Sec. 2-505 Burns' Indiana Statutes—Whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action.'

"The defendant objects to the giving of plaintiff's requested instruction #18 for the reason that the Statute which is set out and quoted in said instruction is one which applies only to the abatement of nuisances and the means of doing same and does not pretend to define a nuisance as negligence; for the further reason that the instruction fails to include the necessity of proximate cause, and for the further reason that the quotation of the Statute is so broad and so all-inclusive as to tell the jury that the slightest matter of offense to senses or obstruction to the free use of property, both of which are not involved in the case at bar,

or the use or failure to do away with what may be indecent without definition of the term 'indecent' so broadly defines an act which may readily be determined by the jury to be an act of negligence or an act of malfeasance; that such instruction is an erroneous statement with reference to the law of negligence and civil liability; for the further reason that the complaint herein does not charge violation of the Statute set out in the instructions."

Appellant in its brief cites some cases from other jurisdictions in an attempt to show that the above Instruction is mandatory. However, the courts of this state have held that:

"A mandatory instruction unequivocally charges the jury that if they find from a preponderance of the evidence that a certain set of facts exists, they must render a verdict in accordance therewith, either for the plaintiff or in favor of the defendant. It positively directs the jury to find for one party and against the other." *Vance* v. *Wells* (1959), 129 Ind. App. 659, 667, 159 N. E. 2d 586.

Also, it appears that appellant did not object to the Instruction as being mandatory, in the first instance.

Appellant also contends that the question of offensiveness to the senses and an obstruction to the free use of property were not in issue in the trial court, thus the Instruction was erroneous. We find no merit to this argument. Appellant also states that the entire statute should have been given in the Instruction, but we do not find any such objection made in the trial court, and will not consider it now, for the first time.

Finally, appellant claims that the damages are excessive, and a result of prejudice and partiality "against an anonymous entity, a relatively prosperous city composed of formless, taxpaying individuals."

Generally a showing must be made that the damages assessed were motivated by prejudice, passion, partiality, or

corruption, or that some improper element was considered. See: *Clemans Truck Lines, Inc.* v. *Vaughn* (1966), 139 Ind. App. 404, 220 N. E. 2d, 351. In order to find an inference of the above factors, we ordinarily must examine the evidence on the question of damages. In the case at bar, we do not conclude that $40,000.00 was excessive by judicial standards, as, according to evidence, the boy's kneecap required surgical removal and during a four year period he suffered a good deal, and also there is evidence to indicate he will suffer even more in the future. Future suffering is a proper element of damages. *Chi. & Cal. Dist. Transit etc.* v. *Stravatzakes* (1959), 129 Ind. App. 337, 156 N. E. 2d 902. There is considerable summary of evidence of damage in appellees' brief, but we feel it would unduly lengthen this opinion if we were to set it forth in detail.

Having found no reversible error, we are of the opinion that the judgment below should be affirmed.

Judgment affirmed.

Cook, P. J., Pfaff and Smith, JJ., concur.

NOTE.—Reported in 233 N. E. 2d 495.