ROBERT W. SHAW *v.* STATE OF INDIANA

[No. 2-777A273. Filed October 23, 1978.]

George K. Shields, of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General of Indiana, Dennis K. McKinney, Deputy Attorney General, for appellee.

CHIPMAN, P.J.—Defendant-appellant Robert W. Shaw appeals his conviction for Vehicle Theft.[1] Of the five issues raised by Shaw, we consider only his contention that the special judge who presided over this trial was selected in an unacceptable manner.

The record reveals that John W. Tranberg sat as presiding judge during the initial pre-trial stage of Shaw's prosecution from November 24, 1976, to January 7, 1977. Soon after the State filed its Motion for Discovery on January 7, 1977, however, Judge Tranberg apparently became ill. From January 14 to February 3 of 1977, a series of four pro tem. Judges, including Kenneth Cady, received and ruled on several pre-trial motions by both Shaw and the State of Indiana. Judge Tranberg then returned to hear the remaining pre-trial motions from March 3, 1977 to the March 14, 1977, trial date.

Shaw's trial began on March 14, 1977, before Mr. Cady, who stated he had been appointed special judge under IC § 33-9-4-1 because of the congested court calendar. Shaw promptly objected to Mr. Cady sitting special judge. Shaw asserts the trial court erred in overruling this objection.

Shaw argues that CR. 13 of the Indiana Rules of Criminal Procedure provides the exclusive manner for the selection of special judges:

Hereafter whenever in any criminal proceeding, in any court except the courts of justice of the peace and magistrates, it shall become necessary to select a special judge, the exclusive manner of his selection shall be as follows:

(1) The presiding judge, or if there be no such judge, the regular judge of the court shall submit a list of three [3] persons from which, by striking, an appointee may be selected. In a moving party pro-

---

1. IC § 35-17-5-3(a) [Burns' 1975]. Repealed by Ind. Acts 1976, P.L. 148, § 24, effective October 1, 1977.

ceeding each party may strike one [1] name from such list. The moving party shall strike first. From the name or names remaining the judge submitting such list shall select and appoint the special judge. In cases where a judge on his own motion, disqualifies himself, the prosecutor shall strike first.

Shaw contends the mandates of CR. 13 were not met since at no time did he have the opportunity to strike any names from any list.

The State answers none of these contentions; rather, it argues that Shaw has waived this objection. The State points out that before trial on January 20, 1977, Mr. Cady sat as judge pro tem. and received Shaw's Motion to Produce. The State asserts that the failure to challenge Mr. Cady's appintment at that time precludes Shaw from raising the impropriety of Mr. Cady sitting as special judge at the trial on March 14, 1977.

We are, therefore, presented with three questions:   (1) Did Shaw make a timely objection to Mr. Cady sitting as special judge? (2) Was Mr. Cady improperly selected as special judge? (3) If Mr. Cady was improperly selected, did this constitute reversible error? In light of our affirmative response to each question, we reverse.

I.  Waiver

On January 20, 1977, Mr. Cady sat as judge pro tem. and received Shaw's Motion to Produce. This was the only occasion in the course of Shaw's prosecution that Mr. Cady appeared as judge pro tem. and his duties at that time were purely ministerial.

The State argues that Shaw's failure to object to Mr. Cady sitting as judge pro tem. precludes him from raising any error regarding Mr. Cady's selection as special judge. We find no reason in logic or law to agree with this contention. Our courts and legislature have long distinguished special judges from pro tem. judges. *State v. Bingham*, (1941) 218 Ind. 490, 33 N.E.2d 771; IC § 33-9-4-1; IC § 33-9-2-1. It is at best a tenuous and ethereal argument that this settled distinction should vanish when we consider questions of waiver.

Shaw was not aware until the morning of the first day of trial that Mr. Cady was sitting as special judge. With the jury yet to be selected,

Shaw's counsel immediately interposed his objection. We find *Trinity Universal Ins. Co. v. Town of Speedway* (1965), 137 Ind.App. 510, 210 N.E.2d 95, 99 dispositive of our waiver question:

> If appellants had an objection to Mr. Cox as Special Judge in order to preserve the error they were required to object as soon as it came within their knowledge that he was not serving as Judge Pro-Tempore.

We hold that Shaw has properly preserved for review the propriety of Mr. Cady's selection as special judge.

## II.   Selection

Our determination of whether Mr. Cady was properly appointed special judge turns on the applicability of a statute, a criminal rule and a trial rule. Initially, we note that at the outset of Shaw's trial, Mr. Cady stated that he was sitting as special judge under IC § 33-9-4-1 which states:

> In all counties having a population of three hundred thousand [300,000] or more according to the last preceding United States census, in which has been established a separate criminal court, the presiding judge of such court, at any time during the term of that court, when the business of such court becomes congested, may appoint a special judge of such criminal court to hear and determine all causes assigned to him by the presiding judge of such court, and such special judge, during the period for which he may be appointed and until such causes are finally disposed of in said court, shall have the same power, authority and jurisdiction over the causes assigned to him for trial as the presiding judge of such criminal court, and be subject to the same provisions of law. Such appointee shall be an attorney in good standing and eligible to the office of such judge, and such appointment, together with a list of causes assigned to such special judge, shall be in writing and shall be entered in the order-book of said court, and the attorney appointed as such special judge shall take the same oath as required by the law of the judge of such criminal court:   Provided, That such appointments and the actual services of such special judges shall not in the aggregate exceed one hundred [100] days in any one calendar year.

Under this statute Judge Tranberg's appointment of Mr. Cady as special judge would appear eminently proper.

Shaw argues that Mr. Cady had no authority to sit as special judge since the applicable provisions of Rule CR. 13, *supra*, were not met. Since Shaw at no time struck a name from such a list, we must presume that Judge Tranberg did not comply with Rule CR. 13 in selecting Mr. Cady as special judge.

And finally, we note that Rule TR. 79 also arguably controls our determination of this issue:

Hereafter whenever in any proceeding, whether civil, statutory or criminal, except in actions under Trial Rule 60.5, in any court except the courts of magistrates, it shall become necessary to select a special judge, the exclusive manner of his selection shall be as follows:

\* \* \*

(4) If neither method provided for by subdivisions (2) or (3) for the selection of a special judge be adopted, then the presiding judge, or if there be no such judge, the regular judge of the court, shall submit a list of three (3) persons from which, by striking, as appointee may be selected. In an adversary proceeding each party may strike one (1) name and in a ex parte proceeding said party shall be entitled to strike one (1) name from such list. The moving party shall strike first. From the name or names remaining the judge submitting such list shall select and appoint the special judge.

In cases other than those enumerated in subdivision (1) where a judge on his own motion disqualifies himself, the plaintiff side shall strike first. If the special judge selected hereunder qualifies then subsequently becomes disqualified by reason other than the filing of a motion for change from the judge, or disqualifies himself, such fact shall be certified to the Supreme Court which thereupon shall appoint a special judge.

Similar to our analysis regarding Rule CR. 13, Mr. Cady was improperly appointed under Rule TR. 79 since the requisite three member panel was not submitted by Judge Tranberg. We must, therefore, determine whether the statute, trial rule or criminal rule applies to the selection of special judges.

Of the three sources which appear dispositive of Shaw's contentions, the selection of Mr. Cady as special judge was proper only under IC

§ 33-9-4-1. However, pursuant to *Crockett v. Vigo County School Corp.* (1973), Ind., 295 N.E.2d 621, it is clear that IC § 33-9-4-1 was no longer operative upon adoption of Rule TR. 79.

[T]he provision of Rule TR. 79, IC 1971, 34-5-1-1 of this Court [provide] the *exclusive* manner for the selection of Special Judges in *all* causes in *any* proceeding, whether civil, statutory or criminal, in any court except courts of Justices of the Peace and Magistrates. (emphasis added)

Since IC § 33-9-4-1 and Rule TR. 79 are incompatible to the extent that both apply to the case at bar and produce diametrically opposed results, IC § 33-9-4-1 is hereby declared inoperative. *See State v. Bridenhager* (1972), 257 Ind. 699, 279 N.E.2d 794. The enactment and adoption of the Indiana Rules of Procedure on January 1, 1970, repealed and superseded all procedural statutes and rules in conflict therewith, including but not limited to those expressly repealed by IC § 34-5-1-3. *Bridenhager, supra.* Accordingly, the applicable procedure for the appointment of special judges is now controlled by Rule TR. 79. *Compare Gillespie v. Gilmore* (1974), 159 Ind.App. 449, 307 N.E.2d 480, 482.

Since Mr. Cady's appointment as special judge was improper under both TR. 79 and CR. 13, we need not consider which procedural rule controls the outcome of this case. Suffice it to say that under CR. 21, TR. 79 will control so far as it is not in conflict with CR. 13.

We, therefore, hold that Mr. Cady was improperly selected special judge and that it was error for him to preside at Shaw's trial.

III. Reversible Error

Having determined that Mr. Cady was improperly selected as special judge and that Shaw has preserved this issue for review, we must determine whether the error in the lower court warrants reversal. In discussing the mandate of Rule TR. 79 for the selection of special judges, Dean Harvey states:

This procedure is binding upon the presiding judge and he has no authority to select a special judge in a manner not sanctioned by this rule. A special judge who is not selected in accordance with this rule has no authority to serve. Failure of the presiding judge to submit a three man panel as required by this rule may be fatal

error. 4 W. HARVEY & R. TOWNSEND, INDIANA PRACTICE § 79.4 (1971) *citing Sherwood v. State* (1960), 241 Ind. 215, 170 N.E.2d 656.

The trial judge plays an integral role in the orderly administration of justice. He must be above reproach. The purpose and the objective of the rules for the selection of a special judge are to secure not only a person who is fair and impartial, but also one in whom the parties have confidence. Insofar as the rules of procedure permit, this confidence requires that no one should be required to try his case before a judge that he feels or believes is unfair or prejudiced. *State v. Noble Circuit Court* (1961), 242 Ind. 152, 177 N.E.2d 335, 336-337. We hold accordingly that the failure to comply with the mandates of TR. 79 and CR. 13 in the selection of Mr. Cady as special judge constitutes reversible error.

This case is hereby reversed and remanded for further proceedings not inconsistent with this opinion.

Garrard, P.J. concurs.

Staton, J. concurs.

NOTE—Reported at 381 N.E.2d 883.