CHAPMAN-STEIN COMPANY *v.* LIPPINCOTT GLASS COMPANY ET AL.

[No. 12,980. Filed April 27, 1928.]

*Henry C. Devin, Dee R. Jones* and *Diven, Diven & Campbell,* for appellant.

*Bagot, Free & Pence,* for appellees.

NICHOLS, J.—Appeal from a judgment rendered by the superior court of Madison county, December 31, 1926, upon the intervening petition of appellant filed in the receivership proceedings of appellee, Lippincott Glass Company, in which appellant asserted a claim against said appellee and its receivers for $8,865, and that it had a valid mechanic's lien upon the real estate belonging to the company which it was entitled to have foreclosed. The court found that appellant was entitled to the allowance of its claim as a general claim only, and found against appellant in so far as the mechanic's lien was concerned, and rendered judgment accordingly.

The error assigned is the court's action in overruling appellant's motion for a new trial, under which appellant presents only the insufficiency of the evidence to sustain the decision of the court.

Appellee's summary of the evidence is unchallenged by appellant. It is substantially as follows: Appellant constructed, installed and fully completed in the factory of appellee company at Alexandria, Indiana, four recuperative day tanks pursuant to a contract therefor between said parties of February 12, 1926, the first of said tanks being completed on April 2, the next one very shortly thereafter, and the last two on June 25, 1926. Each and all of said tanks were fully completed. delivered and accepted by the company as fully completed, and the company was instructed by appellant to fire said furnaces and tanks, which it did and used two of them in the manufacture of glass until receivers were appointed for it on July 21, 1927.

Invoices were rendered by appellant for said tanks, and $735 had been paid thereon when the receivers were

appointed. Appellant rendered invoices to the receivers therefor, and on September 12, 1927, filed with said receivers a sworn statement of its account, with invoices attached thereto, showing the last and final payment of $3,200 on said furnaces to be due and payable August 4, 1926.

In no statement, verbal or written, did appellant even suggest that any more material was required or work done to complete said furnaces, until in the early part of October, 1926, and long after its right to acquire a lien by notice of its intention so to. do had expired, when appellant shipped to itself, by express, to Alexandria, sixteen fused alumina bricks or blocks. The receivers refused to accept the same, and in a few days thereafter, when the receivers and their manager in charge of the factory were absent, one of appellant's employees procured said sixteen bricks or blocks to be brought to the factory. After cutting down the size of such brick until two of them would fit therein, said employee loosely laid two of said bricks in the bottom of the two portholes of each of the last two of said tanks constructed, leaving the remaining eight of said bricks at the factory, and then left. Following this, on. October 20, 1926, appellant recorded a notice of its intention to hold a mechanic's lien upon the factory and property of the glass company for such tanks, and the labor and material furnished in the construction thereof.

Appellee contends that the transaction of appellant with said sixteen bricks, under the evidence, was no part of the work of completing such tanks, that such tanks had been completed months before, and that the same was solely for the purpose of colorably giving appellant the right to assert a mechanic's lien long after the time its right to assert or give notice of its intention to hold such lien had expired. The court by its general findings has sustained appellee's contention. Under such cir-

cumstances, appellant did not acquire a lien. §9833 Burns 1926; *Sulzer-Vogt Machine Co.* v. *Rushville Water Co.* (1902), 160 Ind. 202, 65 N. E. 583.

Affirmed.