ELLIS *v*. AUCH ET AL.

[No. 18,503. Filed April 22, 1954.]

*Orval D. Hunter,* of Bloomfield, and *Richard L. Wilder,* of Bloomington, for appellant.

*Paul Haywood,* of Bloomfield, and *William T. O'Neal,* of Spencer, for appellees.

KENDALL, P. J.—Appellant (plaintiff below) instituted this action against appellees to foreclose a mechanic's lien. The parties had signed what they refer to as an agreement whereby appellant was to perform certain labor and furnish fixtures for appellees' new home.

Appellant's complaint alleges the execution of the contract, that he had performed his part of the agreement, and that the lien was filed on February 23, 1949, which he alleges was within sixty days from the time of furnishing and supplying material and labor.

Appellees filed answer pursuant to Rule 1-3 of the Supreme Court. Therein it was alleged that no labor or materials were furnished or supplied by appellant after November 24, 1948, and that the statutory time for filing of the lien had expired long before February 23, 1949; that the appellees had paid appellant $1,100.00.

Trial was had by the court. Although the record does not show that the plaintiff rested his case, the appellant admits in his brief that at the conclusion of his portion of the evidence the appellees orally moved the court to peremptorily find for the appellees, which motion was sustained and judgment entered. The motion complained of by appellant is shown in the Bill of Exceptions, which is certified to by the Court Reporter, who certifies that among other items therein contained is, "peremptory motions to dismiss and rulings thereon." Said motion and rulings of the court are likewise set forth in appellant's brief.

Appellant's assignment of errors are: (1) The court erred in overruling appellant's motion for new trial; (2) The court erred in sustaining the oral motion of appellee to peremptorily find for them at the close of appellant's evidence; (3) The court erred in peremptorily finding for appellees at close of appellant's evidence.

Attempted assignment of errors two and three present no question. They are not proper, independent assignment of errors. *Rothchild* v. *Citizens Loan Co.* (1936), 102 Ind. App. 397, 2 N. E. 2d 810; Flanagan, Wiltrout & Hamilton, §2386 (2) ; *Berry* v. *State Bank of Otterbein* (1935), 99 Ind. App. 655,

193 N. E. 922. However, the matters contained in the attempted assignment of errors two and three are considered under assignment of error number one.

The specifications of the motion for new trial were (a) That the decision and finding of the court were not sustained by sufficient evidence and contrary to law; (b) Abuse of discretion of the court by which plaintiff was prevented from having a fair trial; (c) Error of law occurring at the trial and excepted to by the plaintiff.

The decision was a negative one against appellant who had the burden of proof; therefore, the specification that the decision and findings were not sustained by sufficient evidence is without merit and will not be considered.

Sec. 43-703, Burns' 1952 Replacement, provides the manner for obtaining mechanic's liens, which is as follows:

"43-703 (9833). *How obtained—Notice.*—Any person wishing to acquire such lien upon any property, whether his claim be due or not, shall file in the recorder's office of the county, at any time within sixty (60) days after performing such labor or furnishing such materials or machinery, described in section one (§43-701) notice of his intention to hold a lien upon such property for the amount of his claim, specifically setting forth the amount claimed, and giving a substantial description of such lot or land on which the house, mill, manufactory or other buildings, bridge, reservoir, system of water-works or other structure may stand or be connected with or to which it may be removed. Any description of the lot or land in a notice of a lien will be sufficient, if from such description or any reference therein, the lot or land can be identified."

In determining whether or not error was committed, it is helpful to examine the agreement the parties

executed, which forms the basis for this law suit, the pertinent parts thereof being as follows:

". . . Ellis agrees to furnish 2 three piece bath rooms (fixtures) consisting of lavatory, 5' tub, and close coupled toilet. It is understood that the three pieces for one bath are to be colored. Other fixtures included are: single metal laundry tray, 1 two part cast iron kitchen sink, 1 electric sump pump, 1 half horse power electric water system, and three sill cocks. It is agreed that all labor and material shall conform to accepted standards.

"An estimated over all price in this instance has been figured at 1215.00 dollars, however this agreement is based on current price of material plus labor at $1.75 per hour. Both parties concerned agree to adhere to any price arrived at on a time and material basis.

"The purchaser, shall make payments as follows: $300.00 when the initial roughing in of soil and water pipe is done, $300.00 when the fixtures are delivered, and the balance when the work is all completed.

/s/ Willard Auch
/s/ J. D. Ellis"

The appellant contends in his brief that the question presented is, "Is the limitation of the foreclosure of a mechanic's lien one year from the date of the filing of the proper notice of the lien or is it one year from the date of the completion of the work covered by the lien?"

In view of the manner in which the record is presented to this court, it is of primary importance to first determine whether or not the lien was filed within the statutory period. If not so filed, then it would be immaterial whether or not the suit to foreclose the mechanic's lien was filed within the statute of limitations. The appellant's evidence disclosed that the

agreement was made July 19, 1948, and that he commenced work immediately, being assisted by two employees; that the first payment was made as provided for in the agreement in the sum of $300.00; the second payment of the same amount was paid by appellees after the material was delivered; that another payment of $500.00 was made in November, 1948, when appellees were presented a ·statement for the fixtures, material and labor which Auch objected to on account of being too high; that appellant's exhibit B, being a Bill of Particulars, does not give a correct list of all the items for labor and material and is not as complete as it could be; that there was a little labor performed not shown on the exhibit; that after the $500.00 was paid to appellant in November, 1948, Mr. Auch took one man and re-placed the trap on the lavatory and did some work on the water heater; that at another time, he fixed a leaking faucet; that appellant was not sure of the dates of the last two trips but thought it was on December 29, 1948. The appellant's recollection was not clear as to what work he actually did on December 29, 1948, but did perform three hours' labor; that the pieces of new material furnished on said date were not included on exhibit B, neither was the three hours' labor therefor included, neither are they included in the amount for which the mechanic's lien was filed. The testimony revealed that the appellant was not positive as to how long prior to December 29 that he got through with this particular job but said it was not more than seven days prior thereto; that the kitchen sink was the last work which was done, which installation occurred in November and before he accepted payment of $500.00.

The transcript shows that the complaint was filed February 16, 1950.

Mr. Noel, appellant's helper, testified that he went to the house on either December 27, 28 or 29 and assisted in the work of fixing the trap and water heater. Mr. Franklin, another helper, did not know the date when he performed his last services, but was there when the job was completed which consisted of hooking up the kitchen sink, which date was not after Christmas.

Before the appellant would be entitled to recover, he must make a prima facie showing of compliance with the statute in that his lien was filed within the statutory period. The contract specifies what services and material appellant was to supply and furnish. The evidence discloses that the kitchen installation was the last part of the contract to be performed which occured in November, 1948, and before appellant was paid the last payment of $500.00, making a total of $1,100.00. The dates in December, 1948, were uncertain, and the evidence discloses that material and labor furnished and supplied after November, 1948, were not shown on the Bill of Particulars for which charges were not made. Neither are they included in the mechanic's lien sought to be foreclosed. Likewise, said items were not included as a part of the contract to be performed. The evidence most favorable to the appellant was that he got through the work to be done on this job a week or more prior to December 29, 1948.

We have searched the record and find no evidence where any labor and materials furnished and supplied on December 29 were a part of the contract. The uncontradicted evidence shows the last work on this contract job was performed on or before December 22, 1948; therefore, the notice of the lien was not filed within time.

Appellant's third specification of motion for new trial is, "Abuse of discretion of the trial court by which

the plaintiff was prevented from having a fair trial." This particular specification presents no question for determination. It is too general to present any point for consideration since it fails to set out the specific irregularity complained of. If there were an abuse of discretion, as complained of by appellant, the trial court was entitled to have the same set out with particularity in the motion for new trial. Flanagan, Wiltrout & Hamilton, §1811, comment 1; *Phelps* v. *Tilton* (1861), 17 Ind. 423.

Appellant complains that appellees' motion for peremptory finding was oral and contained no reason therefor. Even though oral, as previously pointed out, it is set forth in the Bill of Exceptions and is recited in appellant's brief together with the rulings of the court. When properly and timely made, oral motions for peremptory finding have the same force and effect as written motions. Neither is it necessary that the motion specifically state reasons therefor and why there was a failure of proof on the part of the appellant in this case.

It is a general, recognized rule of law that where the time has elapsed for the filing of a mechanic's lien for labor and material furnished by such claimant, that the claimant cannot revive the limitation period by the doing of some act incidental thereto. *Chapman-Stein Co.* v. *Lippincott Glass Co.* (1928), 87 Ind. App. 411, 161 N. E. 645.

The court did not err in sustaining appellees' motion to find for them at the close of appellant's evidence.

Finding no error, judgment affirmed.

NOTE.—Reported in 118 N. E. 2d 809.