WILLIAM E. GOOCH AND MAE GOOCH *v.* ERNEST HIATT.

[No. 3-474A58. Filed November 19, 1975. Rehearing denied January 5, 1976. Transfer denied June 10, 1976.]

*Paul Reed*, of Knox, for appellants.

*John J. Delworth, Jr.*, of Rochester, for appellee.

HOFFMAN, J.—Plaintiff-appellee Ernest Hiatt d/b/a Hiatt Electric (Hiatt) commenced this action in the trial court to foreclose a mechanic's lien claimed by him upon certain real estate owned by defendants-appellants William E. Gooch and Mae Gooch (Gooch). Following a trial to the court, judgment was entered in favor of Hiatt. Gooch's motion to correct errors was overruled, and this appeal was perfected.

On appeal, Gooch first asserts that Hiatt failed to prove that the subject mechanic's lien was timely filed.

Indiana law places a burden upon a mechanic's lienholder who seeks to foreclose such a lien to show that the purported

lien meets all statutory requirements necessary to its creation. *Hough* v. *Zehrner* (1973), 158 Ind. App. 409, 302 N.E.2d 881; *Kidd Bros. Lumber Co., Inc.* v. *Tonnis et al.* (1958), 128 Ind. App. 459, 149 N.E.2d 828. Accordingly, it must be determined whether the evidence in the record of this cause is sufficient to support the trial court's determination that Hiatt's lien was timely filed.

When questions regarding the sufficiency of evidence are raised on appeal, this court will only consider the evidence most favorable to the appellee together with all reasonable inferences to be drawn therefrom. We will neither weigh the evidence nor determine the credibility of witnesses. *Freeman* v. *State* (1975), 163 Ind. App. 650, 325 N.E.2d 485.

The evidence and reasonable inferences therefrom most favorable to appellee Hiatt in the record of this cause establish that from 1959 until the time of trial he was engaged in an electrical and heating contracting business. During 1967, Gooch authorized Hiatt to install the wiring and certain heating, lighting and air conditioning equipment in a building which was then under construction. No formal plans or specifications for such building were furnished to Hiatt, and no written contract was executed between the parties.

From time to time as the work on the building progressed, Gooch specified the type of equipment which he desired to have installed. Some of the items so specified by Gooch were deviations from, or additions to, the type of work which the parties discussed prior to the commencement of such work.

The actual construction of the subject structure was completed in November of 1967. However, the oil furnaces which had been installed by Hiatt failed to function reliably throughout the following winter and when a request for payment was made by Hiatt, Gooch refused to make payment for any of the work until such defect and other alleged defects were cor-

rected. In response to one of many complaints about the operation of the furnaces, Hiatt installed an additional fuel line and "check valves" on July 30, 1968. Thereafter, on September 23, 1968, Hiatt filed a notice of intent to hold a mechanic's lien on the subject structure.

Appellant Gooch asserts that because the subject structure was completed and the furnaces were capable of operation in November, 1967, the trial court erred as a matter of law in holding that Hiatt's mechanic's lien was timely filed.

IC 1971, 32-8-3-3 (Burns Code Ed.), provides, in pertinent part:

> "Any person who wishes to acquire a lien upon any property, whether his claim be due or not, shall file in the recorder's office of the county, at any time within sixty [60] days after performing such labor or furnishing such materials, or machinery, described in section 1 [32-8-3-1] of this act, a sworn statement in duplicate of his intention to hold a lien upon such property for the amount of his claim, ***."

This court has held that such 60-day period for the filing of a mechanic's lien may not be extended, nor the right to such a lien revived, through the performance by the contractor of some act incidental to the work, or which is not done in good faith with the intention of completing the job. *Miller Monuments, Inc.* v. *Asbestos Insul. etc.* (1962), 134 Ind. App. 48, 185 N.E.2d 533; *Ellis* v. *Auch, et al.* (1954), 124 Ind. App. 454, 118 N.E.2d 809; *Chapman-Stein Co.* v. *Lippincott Glass Co.* (1928), 87 Ind. App. 411, 161 N.E. 645. *Cf: Conlee et al.* v. *Clark et al.* (1896), 14 Ind. App. 205, 42 N.E. 762.

However, where a property owner will not accept lienable work as completed and refuses to pay for the same until satisfactory corrective work is done, such property owner is estopped from asserting that the contracted work had been completed as of an earlier date. *Walker* v. *Statzer* (1972), 152 Ind. App. 544, 284 N.E.2d 127

(transfer denied) ; *Miller Monuments, Inc.* v. *Asbestos Insul. etc., supra.*

In the case at bar, the additional work which is relied upon for the timeliness of appellee's lien was performed by him following a complaint about the furnaces by the owner. Inasmuch as the owner had not yet paid for any of the work at the time of such complaint and additional work, and subsequently stated that the work was unacceptable and that payment would be withheld until corrective action was taken, he must be estopped from now asserting that the job was completed prior to such additional work. It must be concluded that the trial court properly found that the subject lien was filed within sixty days of the date that the last materials and labor were expended on the job and, thus, that such lien was timely filed.

Appellant Gooch next asserts that because no contract existed between these parties, any recovery by Hiatt must rest upon the theories of *quantum meruit* and *quantum valebant.* Therefore, he contends, evidence of the reasonable value of the materials and labor was necessary to allow the trial court to find in favor of Hiatt, and although evidence of Hiatt's charges to Gooch was introduced, there was "no evidence from which the [trial] Court could have found the reasonable value of the labor performed and materials furnished by the Contractor in the installation of the heating equipment in the Owner's building."

However, even assuming that proof of the reasonable value of such materials and services was necessary to Hiatt's case, evidence was introduced at trial establishing such value. At trial, Hiatt detailed his charges to Gooch for all the materials furnished and services rendered. Additionally, there was evidence that such charges were reasonable, and that they conformed to mark-up percentages recognized in that industry.

Also, with regard to the issue of damages, appellant contends that the heating system was substandard, and the contractor's recovery should have been limited to the reasonable value of such substandard system. The record of this cause discloses, however, that although the appellee contractor was awarded his invoice price for such system, the trial court also awarded a substantial recovery to appellant on his counterclaim, which alleged, in part, the defective condition of such heating system.

Appellant's final contention with regard to the issue of damages is that the damages awarded Hiatt are excessive. However, as stated hereinabove, there was evidence of the reasonableness of Hiatt's charges, and he was awarded compensatory damages only in the amount of such charges. Because the amount of damages was within the scope of the evidence before the trial court, it cannot be considered excessive. *Beyer et al.* v. *State* (1972), 258 Ind. 227, 280 N.E.2d 604.

The final issue presented by this appeal is whether the trial court erred in admitting plaintiff's Exhibit No. 18 into evidence over an objection by Gooch. Such exhibit was a specification sheet furnished by the manufacturer of the furnaces which Hiatt installed.

The adequacy of the duct work associated with such furnaces was an issue at trial. On rebuttal, appellee Hiatt introduced the testimony of an expert witness to show that the ducts were adequate. During the direct examination of such witness, he stated that it is an accepted practice to compute the proper duct size for a furnace using the number of cubic feet of air moved by the furnace per minute, and that such information is normally obtained from the manufacturer's specifications. He further stated that he had designed the duct work in question in such a manner, and that he had viewed the premises and measured areas of the building in determining what duct work was required.

In the case of *Trinity Univ. Ins. Co.* v. *Town of Speedway* (1965), 137 Ind. App. 510, 210 N.E.2d 95, this court held that the opinion of an expert witness which is based in part on hearsay customarily relied upon by such experts is properly admissible. Therein, the court, at 515 of 137 Ind. App., at 98 of 210 N.E.2d, stated:

"In his capacity as Town Engineer of the Town of Speedway and also as an expert witness, Kridler could draw upon all sources of information coming to his knowledge or through the results of his investigation in order to enable him to formulate an opinion regarding the costs of repairs. The fact that he consulted with other individuals does not render his testimony hearsay. An expert is competent to judge the reliability of statements made to him by other persons and taking these statements made to him by other persons together with his own first hand observations comprises a sufficient basis for a direct expression of his own professional opinion as to the cost of repairing the street." *See*, McCormick et al. on Evidence, 2d Ed., § 15, at 35, n. 2 (1972) ; and Rule 703, Federal Rules of Evidence.

In the case at bar, the testimony of Hiatt's expert witness was properly admissible, even though based in part on the allegedly hearsay specifications. Because such specifications properly served as a factual basis for such testimony, their admission in evidence and use by such witness are in this case no more than harmless error, due to their cumulative nature. *Elgin, Joliet & Eastern R. Co.* v. *Collins* (1970), 147 Ind. App. 343, 260 N.E.2d 810 (transfer denied).

No reversible error having been shown, the judgment of the trial court must be affirmed in all respects.

Judgment affirmed.

Garrard, J., concurs; Lowdermilk, J., (participating by designation), concurs.

NOTE.—Reported at 337 N.E.2d 585.