Ronald V. RIGGINS and Susan M. Riggins, Appellants (Defendants Below),

v.

Bernard SADOWSKY, d/b/a Acme Floor Covering Co., Appellee (Plaintiff Below).

No. 1–879A215.

Court of Appeals of Indiana, First District.

May 13, 1980.

Russell M. Webb, Jr., Palmer, Hinkle, Keck & Webb, Danville, for appellants.

Richard H. Crokin, Indianapolis, for appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Ronald V. and Susan M. Riggins appeal a judgment of the Hendricks Superior Court ordering the foreclosure of a mechanic's lien asserted against their property by Bernard Sadowsky. We reverse.

## FACTS

The facts most favorable to the judgment are as follows: From October 15, 1973, through May 15, 1974, Sadowsky, a subcontractor, provided materials and labor in the original construction of a dwelling by Frank R. Beeson, Inc. (Beeson). An installation order dated May 15, 1974, upon which the charges for three prior orders were consolidated, listed $700 due and owing on the account. It is not clear whether a bill was sent to Beeson.

On August 5, 1974, the Rigginses purchased the real estate from Beeson, receiving a corporate warranty deed, title insurance, and Beeson's affidavit stating, *inter alia,* that there were no mechanic's liens of record and that no labor or materials had been provided in the preceding 60 days. The deed was recorded on August 8, 1974.

Ronald Riggins testified that several days prior to September 20, 1974, Sadowsky appeared on the Rigginses' doorstep and asked to be paid for his work. Riggins told Sadowsky that he had already closed on the house and that Sadowsky would have to speak with Beeson. Sadowsky's testimony contains no reference to this first encounter.

Ronald Riggins further testified that a few days later, but still prior to September 20, Sadowsky again appeared on the doorstep and asked if all the work had been done satisfactorily so that he could be paid. Riggins told Sadowsky that there were some repairs to be made, and Sadowsky said he would "get his men on it." Regarding this same conversation, Sadowsky testified that Riggins said when he finished the job, Riggins would "see that he got his money." Riggins denies having made such a statement.

On September 20, 1974, Sadowsky again provided labor and materials at the real estate in question. On September 21, Sadowsky's attorney filed a notice of intent to hold a $700 mechanic's lien upon the property. The Rigginses received no bill; however, the notice was received in due course by mail.

## ISSUES

This appeal raises two issues:

I. Whether the trial court erred in allowing Sadowsky to foreclose a mechanic's lien, the notice of which had been filed after the 60-day statutory period had lapsed;

II. Whether the trial court erred in allowing Sadowsky to foreclose a mechanic's lien, the notice of which had not been filed prior to the recording of the Rigginses' deed.

## DISCUSSION AND DECISION

*Issue I*

 Ind.Code 32–8–3–1 (Supp.1979) provides, in part:

"That contractors, subcontractors, mechanics . . . and all other persons performing labor or furnishing materials· or machinery . . . for the erection, altering, repairing or removing any house . . . may have a lien separately or jointly upon the house . . . which they may have erected, altered, repaired, moved or removed or for which they may have furnished materials or machinery of any description . . . ."

In order to secure a lien upon real property, a subcontractor must fulfill the procedural requirements set forth in Ind.Code 32–8–3–3 which provides, in part:

"Any person who wishes to acquire a lien upon any property, whether his claim be due or not, shall file in the recorder's office of the county, at any time within sixty (60) days after performing such labor or furnishing such materials, or machinery, described in section 1 of this act, a sworn statement in duplicate of his intention to hold a lien upon such property for the amount of his claim, specifically setting forth the amount claimed, the name and address of the claimant and the name of the owner, and shall give legal description, street and number, if any, of such lot or land on which the house . . . may stand or be connected with or to which it may be removed."

Historically, mechanic's liens were not available at law or in equity. Being in derogation of the common law, mechanic's lien statutes are strictly construed when determining those persons entitled to acquire and enforce such liens. *City of Evansville v. Verplank Concrete & Supply, Inc.,* (1980) Ind.App., 400 N.E.2d 812. As a lien claimant, Sadowsky had the burden of proof to establish that his claim met the statutory requirements, including proper and timely notice. *Hough v. Zehrner,* (1973) 158 Ind.App. 409, 302 N.E.2d 881.

It is undisputed that the September notice was filed more than 60 days after the labor and materials were last provided and the account was set at $700 in mid-May. However, depending upon the particular circumstances of various cases, the Court of Appeals has permitted the attachment of a lien, the notice of which had not been timely·filed, on the basis of estoppel. *See Walker v. Statzer,* (1972) 152 Ind.App. 544, 284 N.E.2d 127; *Miller Monuments, Inc. v. Asbestos Insulating & Roofing Co.,* (1962) 134 Ind.App. 48, 185 N.E.2d 533. *But see Ellis v. Auch,* (1954) 124 Ind.App. 454, 118 N.E.2d 809; *Chapman-Stein Company v. Lippincott Glass Company,* (1928) 87 Ind.App. 411, 161 N.E. 645. The Rigginses and Sadowsky are, of course, at odds with regard to the issues of whether they hired him to complete his work or merely to make general repairs, whether estoppel may carry over from contractor to owner, and so on. ·If estoppel indeed were the issue, we would be constrained to determine whether the evidence in the record is sufficient to support the judgment of the trial court. *Gooch v. Hiatt,* 166 Ind.App. 521, 337 N.E.2d 585. However, we are of the opinion that the issues raised and concerns expressed in Issue II are paramount and dispositive of this case, and to them we now turn.

*Issue II*

In the recent case of *Mid America Homes, Inc. v. Horn,* (1979) Ind., 396 N.E.2d 879, 881, Justice Prentice noted that the statutory entitlement to a mechanic's lien frequently existed "at the expense of innocent owners and in defiance of the equi-

ties." In order to remedy this situation, a 1963 amendment to Ind.Code 32–8–3–1 (Supp.1979) added the following three provisions: [1]

"Any person, firm, partnership or corporation who sells or furnishes on credit any material, labor or machinery for the alteration or repair of any owner-occupied single or double family dwelling or the appurtenances or additions thereto, to any contractor, subcontractor, mechanic or anyone other than the occupying owner or his legal representative shall furnish to the occupying owner of said parcel of land where the material, labor or machinery is delivered, a written notice of the delivery or work and of the existence of lien rights, within thirty (30) days from the date of first delivery or labor performed. The furnishing of such notice shall be a condition precedent to the right of acquiring a lien upon such lot or parcel of land or the improvement thereon.

Any person, firm, partnership or corporation who sells or furnishes on credit any material, labor or machinery, for the original construction of a single or double-family dwelling for the intended occupancy of the owner upon whose real estate the construction takes place to any contractor, subcontractor, mechanic or anyone other than the owner or his legal representatives shall furnish said owner a written notice of the delivery or labor and the existence of lien rights within sixty (60) days from the date of the first delivery or labor performed. The furnishing of such notice shall be a condition precedent to the right of acquiring a lien upon such real estate or upon the improvement constructed thereon.

*No lien for material or labor in original construction shall attach to real estate purchased by an innocent purchaser for value without notice, provided said purchase is of a single or double-family dwelling for occupancy by the purchaser, unless notice of intention to hold such lien be recorded as provided in this chapter prior to the recording of the deed by*

*which such purchaser takes title."* (Emphasis added.)

Regarding these provisions, Justice Prentice stated in 396 N.E.2d at 881:

"Prior to the 1963 amendment, the statute under consideration made no provision for the giving of written notices to owners by those furnishing labor and materials to contractor [sic] constructing family dwellings, for the intended occupancy of such owners. Neither were innocent purchasers of such dwellings afforded any protection from liens which attached retroactively, even though notice thereof was not of record at the time of their purchase. In its pre-amended form, the statute often worked gross inequities upon innocent owners or purchasers who had had the misfortune of dealing with unreliable contractors or vendors, while protecting the interest of laborers and materialmen who had relied upon the same unreliable persons. *Because of such equitable imbalance, the statute was amended to give such owners and purchasers relief from the prior harshness, by requiring notices to be given and/or recorded by those seeking to have a lien, at a time which [sic] such notices would be of benefit."* (Emphasis added.)

Indiana law places the burden upon a foreclosing lienholder to show that the purported lien meets all statutory requirements necessary to its creation. *Gooch, supra; Hough, supra.* In accordance with general rules of pleading, a complaint to foreclose a mechanic's lien for the value of labor and material provided in the original construction of a single or double family dwelling which has been purchased for occupancy must either aver that the notice of intent to hold the lien was filed prior to the recording of the purchaser's deed, or aver such constructive or actual notice as is necessary to put the purchaser's status as a bona fide purchaser into question. Furthermore, the ultimate burden of

1. The statute is quoted as amended in 1977. Prior to that amendment, written notices had to

be furnished within five and fourteen days, respectively.

proof with regard to either of these matters rests upon the shoulders of the lien claimant.

 In the case at bar, Sadowsky failed to make such averments. The Rigginses improperly, but in good faith, attempted to raise the issue as an affirmative defense. The documentary evidence introduced at trial clearly showed that the deed was recorded prior to the filing of the notice. During the presentation of his case-in-chief, Sadowsky failed to assert that the Rigginses had notice of the debt; on direct examination, Sadowsky failed to question Ronald Riggins on the matter. Nonetheless, the trial court judge refused to grant a judgment on the evidence because he felt that Ronald Riggins's alleged statement regarding "finishing" the job might indicate that he was aware of the debt. Riggins testified and placed into evidence documents showing that he had no notice of the debt at any time prior to September 20, 1974. Sadowsky then failed to cross-examine Riggins about these matters. In sum, Sadowsky simply failed to bring himself within the ambit of the statute.[2]

We find that the trial court erred in allowing Sadowsky to foreclose the lien. In *Mid America Homes, Inc., supra,* Justice Prentice stated in 396 N.E.2d at 881:

> "[Mechanic's lien] . . . statutes should be fairly construed, with a view towards carrying out their purpose, i. e. to afford the security intended, upon a substantial compliance with its provisions, *while at the same time, protecting the rights of non-debtor owners and those who may subsequently acquire an interest in the real estate."* (Emphasis added.)

With the intent of protecting these rights and interests, we reverse.

Reversed.

ROBERTSON, P. J., and RATLIFF, J., concur.

---

2. We are aware that the Rigginses did not raise this second issue in their motion to correct errors. Although we would normally not address the issue as a matter of appellate practice and deference to the trial court, Ind. Rules of Procedure, Trial Rule 59(G) (West 1978), we will do so in this case due to its importance, noting that the issue was actually litigated at trial.