### BLACKWELL v BORNSTEIN

Docket No. 46940. Submitted June 18, 1980, at Lansing.—Decided
October 7, 1980.

Plaintiff, William H. Blackwell, entered into a contract on Janu-
ary 28, 1974, with a general construction contractor to supply
and install drywall on eight apartment building constructions.
Progress was smooth until August 1, 1974, when payments
ceased. Plaintiff complained to the contractor, who gave assur-
ances that, if the last building were completed, payment would
be forthcoming. Plaintiff's laborers continued working on the
site until November 19, 1974. Plaintiff claimed to have re-
turned to the site on November 22, 1974, upon the assurance
from the owner that he would be paid, and to have worked 11
hours. Plaintiff recorded a mechanics' lien statement of account
for the unpaid balance on February 18, 1975. Plaintiff filed suit
in Livingston Circuit Court against Clare Bornstein, James T.
Barnes Mortgage Company and others to foreclose the mechan-
ics' lien. The court, Bert M. Hensick, J., found that on Novem-
ber 22, 1974, plaintiff had done last minute cleanup and picked
up tools left on the site but that the work had been completed
on November 18, 1974. The court held that, as a result, the
statement of account was not recorded within 90 days from the
date that the last materials were furnished or the last labor
performed. But the court held that there had been substantial
compliance and, therefore, the lien was valid and entered
judgment accordingly. James T. Barnes Mortgage Company
appeals, contesting the validity of the lien. *Held:*

1. The 90-day limitation period within which a mechanics'
lien statement of account is to be recorded must be strictly
complied with.

2. Picking up tools and last minute cleanup are performances
of labor within the mechanics' lien law. Therefore, the state-
ment of account was recorded within 90 days of November 22,
1974, the day the last labor was performed, and is valid.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur 2d, Mechanics' Lien §§ 174, 189.
[2] 53 Am Jur 2d, Mechanics' Lien § 192.

1. MECHANICS' LIENS — TIME LIMITATIONS — STATUTES.

    The 90-day limitation period within which a mechanics' lien statement of account is to be recorded must be strictly complied with (MCL 570.5; MSA 26.285).

2. MECHANICS' LIENS — WORDS AND PHRASES — "PERFORMANCE OF LABOR" — "CLEANUP" — STATUTES.

    Picking up tools and last minute cleanup are performances of labor within the mechanics' lien law (MCL 570.5; MSA 26.285).

*Shurr, Keating & Wells, P.C.* (by *Patrick J. Keating* and *E. Peter Drolet)*, for plaintiff.

*Russell, Ward & Hodgkins* (by *James W. Batchelor* and *Paul A. Ward)*, for defendant James T. Barnes Mortgage Company.

Before: M. F. CAVANAGH, P.J., and D. E. HOLBROOK, JR., and J. H. PIERCEY,* JJ.

M. F. CAVANAGH, P.J. Plaintiff brought an action in the trial court to recover $26,151.56 for labor and materials he had supplied in the construction of eight apartment buildings. Defendant James T. Barnes Mortgage Company had taken a first mortgage on the subject property and contested the validity of the lien.

The question presented by this appeal is whether the mechanics' lien filed by plaintiff was timely so to create a valid lien.

Plaintiff entered into a contract on January 28, 1974, to supply and install drywall. Plaintiff commenced performance within three weeks. The job progressed smoothly through August of 1974, when payment ceased. Upon plaintiff's complaint to the general contractor, he was given assurances that, if the last building were completed, payment would be forthcoming. Plaintiff's laborers continued working at the site until November 18, 1974.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

At that time they were laid off from the job site. Plaintiff claimed to have returned to the site on November 22, 1974, after further assurances from the owner that if he finished the job he would be paid. He claimed to have worked 11 hours on that date.

On February 18, 1975, plaintiff caused to be recorded a mechanics' lien against the project for the unpaid contract balance of $26,151.56. The trial court concluded that this filing date was two days beyond the statutory period set forth in MCL 570.5; MSA 26.285. However, the court found that the plaintiff had substantially complied with the mechanics' lien act and granted judgment for enforcement of the lien. In so doing, the court relied primarily on MCL 570.27; MSA 26.307 and *Spartan Asphalt Paving Co v Grand Ledge Mobile Home Park,* 400 Mich 184; 253 NW2d 646 (1977). Defendant Barnes appeals as of right from the trial court's judgment.

The mechanics' lien act was established to protect and enforce by lien the rights of persons furnishing labor or materials toward the construction of a building. MCL 570.1 *et seq.;* MSA 26.281 *et seq.* Section 5 of the act enumerates the procedure by which an individual commences enforcement of his statutory right. This section requires a recording in the office of the register of deeds, in the county in which the property to be charged with a lien is situated, of a verified statement of the amount due, name of the owner, and description of the property. Section 5 states:

"*Such verified statement or account shall be recorded within 90 days from the date on which the last of the materials shall have been furnished or the last of the labor or the last of the designing, engineering or sur-*

*veying services shall have been performed* or the last day or use of any rented or leased equipment by the person claiming the lien, which statement may have been in the following form * * *." MCL 570.5; MSA 26.285 (emphasis added).

Prior to trial of the present action, interrogatories were submitted by defendant Barnes to plaintiff asking for the first and last dates work was performed on the project. Plaintiff answered that the last date was November 18, 1974. Plaintiff submitted amended answers to the interrogatories, indicating the last day of work was November 22, 1974. In acknowledging and explaining the discrepancy when he signed the original answers, plaintiff stated he had not checked the dates in his record books.

Defendant asserts that the filing of the lien by plaintiff on February 18, 1975, was not timely in light of the 90-day statutory requirement. (The filing date is 92 days from November 18, 1974.) The trial court found that the plaintiff had "substantially complied" with the 90-day requirement of the mechanics' lien act and so the lien was not defective.

The mechanics' lien act is to be liberally construed. This is clearly stated in § 27 of the act:

"This act is hereby declared to be a remedial statute and to be construed liberally to secure the beneficial results, intents and purposes thereof; and a substantial compliance with its several provisions shall be sufficient for the validity of the lien or liens hereinbefore provided for, and to give jurisdiction to the courts to enforce the same. Amendments to any process, pleadings or proceedings in such actions to enforce the liens given by this act, either in form or substance, shall be allowed at any time before final decree is rendered, on application of either party upon such terms and condi-

tions as justice may require * * *." MCL 570.27; MSA 26.307.

The Supreme Court in *Spartan Asphalt Paving Co v Grand Ledge Mobile Home Park,* 400 Mich 184; 253 NW2d 646 (1977), and this Court relying on *Spartan Asphalt Paving Co* in *P H I Construction Co v Riverview Commons Associates,* 80 Mich App 518; 264 NW2d 50 (1978), held that the mechanics' lien statute must be liberally construed to effectuate the intent of the Legislature. However, we find that the liberal construction referred to in these cases applies to sections of the act other than § 5, the 90-day statute of limitations.

Substantial compliance with the act has been held sufficient to promote the intended purposes and protections in its § 4 notice and service provisions. *Spartan Asphalt, supra, Williams & Works, Inc v Springfield Corp,* 81 Mich App 355; 265 NW2d 328 (1978), *lv gtd* 406 Mich 871 (1979).

Where the language of a staute is unclear or "of a doubtful meaning" the court must give a reasonable construction, looking to the legislative purpose. *Spartan Asphalt, supra.* However, MCL 570.5; MSA 26.285 mandates that the statement of lien "shall be recorded within 90 days from the date on which the last of the materials shall have been furnished or the last of the labor * * * shall have been performed". The Legislature has clearly and unambiguously expressed its intent. When the language of a statute is clear and unambiguous, no interpretation need or can be made. *Struble v Detroit Automobile Inter-Ins Exchange,* 86 Mich App 245, 249; 272 NW2d 617 (1978), *Jones v Grand Ledge Public Schools,* 349 Mich 1; 84 NW2d 327 (1957).

"Notice provisions have different objectives than

statutes of limitation. Notice provisions are designed, *inter alia,* to provide time to investigate and appropriate funds for settlement purposes. Statutes of limitation are intended to prevent stale claims and to put an end to fear of litigation." *Davis v Farmers Ins Group,* 86 Mich App 45, 47; 272 NW2d 334 (1978). The 90-day filing requirement in the mechanics' lien statute, MCL 570.5; MSA 26.285, is directed at eliminating the fear of pending litigation. Absent the 90-day restriction, the subject property would remain clouded with the threat of an outstanding lien being enforced. The Legislature expressly directed that this threat may exist only for 90 days beyond the last date on which labor or material was furnished. The purpose of the time limit is to achieve certainty of title. "Substantial compliance" with the 90-day filing requirements of MCL 570.5; MSA 26.285 is not sufficient to create a valid lien.

We find, however, that a valid lien was created in the present case. Sufficient evidence is presented by the record to indicate that the plaintiff did in fact perform work on November 22, 1974. The lower court took recognition of this fact, but concluded:

"During the course of the trial there was testimony that the plaintiff was at the construction site on November 22nd and of that fact I had no doubt. I was not convinced, however, that he was there for the purpose of doing any work. I believe that his presence at most was to pick up any tools that were left around and perhaps do some last minute cleanup, but the actual work was completed prior to that time. The testimony concerning these exact dates by the parties to this lawsuit were *[sic]* to my mind inconclusive. The parties are construction workers, not bookkeepers. They are not lawyers and they keep records as best they are able * * *."

The mechanics' lien act makes no distinction between "actual work" and picking up tools or "last minute cleanup". The statute is directed at the furnishing of labor or materials for purposes of construction. The last minute cleanup and pickup was certainly related to the labor and materials supplied. It is undeniable that the parties contemplated such actions to be part of the work agreement. A review of the facts presented at trial leads this Court to conclude that the last day of work performed by plaintiff was November 22, 1974. The filing of the lien on February 18, 1975, was 88 days from the last day of work. Therefore, the lien met the 90-day requirement of MCL 570.5; MSA 26.285 and a valid lien was created. We affirm the trial court's decision for the reasons stated above.

Affirmed. Appellee may tax costs.