SUPERIOR STEEL SYSTEMS, INC v NATURE'S NUGGETS, INC

COMMERCIAL NATIONAL BANK OF L'ANSE v NATURE'S
NUGGETS, INC

RICHARD DELENE CONTRACTING, INC v SUPERIOR STEEL
SYSTEMS, INC

Docket Nos. 107940, 107941, 107942, 107970, 107971, 107972. Submitted October 6, 1988, at Marquette. Decided January 17, 1989. Leave to appeal applied for.

Richard Delene Contracting Inc., entered into a contract in 1984 to perform cement work at a construction site. The work was performed in 1985 but Delene left a compactor on site until August 23, 1986, when it was picked up. Delene filed a construction lien on October 7, 1986. In December, 1986, Superior Steel Systems, Inc., and others filed various lawsuits in the Baraga Circuit Court to foreclose various liens. The court, Stephen D. Condon, J., consolidated the cases and granted a judgment holding in part that Delene's lien was timely filed and valid. Superior Steel Systems, Inc., and Commercial National Bank of L'Anse each appealed each judgment separately. The appeals were consolidated.

The Court of Appeals *held:*

Picking up tools and last minute cleanup constitute furnishing of labor within the mechanics' lien law. However, the mere picking up of a single piece of equipment months after the last performance of any meaningful work does not.

Reversed in part.

MECHANICS' LIENS — FURNISHING LABOR.

Picking up tools and last minute cleanup constitute furnishing of labor within the mechanics' lien law; however, the mere picking up of a single piece of equipment months after the last performance of any meaningful work does not (MCL 570.1111; MSA 26.316[111]).

REFERENCES
Am Jur 2d, Mechanics' Liens §§ 189 *et seq.*
See the Index to Annotations under Mechanics' Liens.

*C. Joseph Schwedler,* for Superior Steel Systems, Inc.

*McLean & McCarthy, P.C.* (by *John M. McCarthy*), for Commercial National Bank of L'Anse.

*Dominic F. Andriacchi,* for Richard Delene Contracting, Inc.

Before: GRIBBS, P.J., and CYNAR and J. T. KALLMAN,* JJ.

J. T. KALLMAN, J. Superior Steel Systems, Inc. (Superior), and Commercial National Bank of L'Anse (Commercial) appeal as of right from a lower court order granting default judgment against Nature's Nuggets, Inc., and R & W Enterprises, Inc., in favor of Superior, Commercial and Richard Delene Contracting, Inc. (Delene). Superior's construction lien was in the amount of $167,688; Commercial's mortgage lien was in the amount of $150,000; and Delene's construction lien was in the amount of $15,000.

The sole issue raised in these consolidated appeals is whether the trial court erred by finding that Delene had timely filed its lien under MCL 570.1111; MSA 26.316(111). We reverse.

The instant appeal arose from the construction of a factory by Nature's Nuggets, Inc., to be used for commercial and industrial purposes related to the production of a natural wood substitute for charcoal. The factory was to be built on a site leased by Nature's Nuggets from the Village of Baraga. Superior entered into a contract with Nature's Nuggets on August 1, 1984, to construct an industrial building on the site, and performed work on the site until May 11, 1985. Commercial

---

* Circuit judge, sitting on the Court of Appeals by assignment.

obtained a mortgage lien on the property in the amount of $150,000 on April 17, 1986.

Delene entered into a contract with Nature's Nuggets on November 5, 1984, to perform cement work on the site. While most of the work performed by the company ceased in 1985, a compactor was left on the site until August 23, 1986. Richard Delene admitted at trial that he had no personal knowledge that the compactor was picked up on that date but was relying on payroll records that indicated his son was paid for the trip to the site on August 23, 1986. Delene filed its construction lien on October 7, 1986.

Commercial brought suit on December 18, 1986, for foreclosure of its mortgage. Superior and Delene were parties on both sides of the various lawsuits. Prior to trial, Commercial, Superior, and the Village of Baraga settled their claims against each other and entered stipulations to that effect. The parties proceeded to trial primarily to determine the validity and priority of Delene's lien.

The trial judge, sitting as factfinder, found that the last day of labor performed by Delene was August 23, 1986, when it removed its compactor from the job site and that therefore its lien was timely filed on October 7, 1986. While we find compelling appellants' argument that the trial court's finding of fact that August 23, 1986, was Delene's last day of work on the site was clearly erroneous, we need not address that issue in light of our resolution of the legal issues.

The Construction Lien Act, MCL 570.1101 *et seq.*; MSA 26.316(101) *et seq.*, provides in part:

(1) Notwithstanding section 109, the right of a contractor, subcontractor, laborer, or supplier to a construction lien created by this act shall cease to exist unless, within 90 days after the lien claim-

ant's last furnishing of labor or material for the improvement, pursuant to the lien claimant's contract, a claim of lien is recorded in the office of the register of deeds for each county where the real property to which the improvement was made is located. A claim of lien shall be valid only as to the real property described in the claim of lien and located within the county where the claim of lien has been recorded. [MCL 570.1111; MSA 26.316(111).]

In order to have been timely under the above statute, Delene would had to have recorded a claim of lien within ninety days after its last furnishing of labor or material for the improvement, pursuant to Delene's contract. Delene's lien was recorded in the office of the Register of Deeds on October 7, 1986.

In *Blackwell v Bornstein,* 100 Mich App 550; 299 NW2d 397 (1980), this Court examined the former statute, the mechanic's lien act, MCL 570.5; MSA 28.285, and held that "last minute cleanup" or picking up tools constituted the furnishing of labor for purposes of this statute. *Id.,* p 556. In *Blackwell,* the contractor returned to the job site on November 22, 1974, after assurances from the owner that he would be paid if he finished the job, and the contractor worked eleven hours on that date. The *Blackwell* Court held that this was substantial compliance with the statute, and ruled that the contractor's lien was timely filed on February 18, 1975, eighty-eight days after the last day of work.

The facts of the instant case are dissimilar from those of *Blackwell, supra.* Delene furnished no additional labor or materials during its visit to the site on August 23, 1986, and any meaningful labor by Delene had ceased in 1985. In *Blackwell,* the "last minute cleanup" was done within four days

of the time the contractor was laid off from the job site. We do not today diverge from the holding in *Blackwell, supra,* that last minute cleanup constitutes the furnishing of labor or materials for purposes of construction. However, we decline to extend the rule to factual situations, such as in the instant case, where the contractor leaves equipment on the job site for months after any meaningful work has ceased. To do so would lead to absurd results, such as a contractor leaving a tool box or other minor piece of equipment for years after ceasing work and being able to file a timely construction lien. We therefore find that a valid construction lien was not created by Delene in the instant case.

The portion of the lower court order granting a construction lien to Delene in the amount of $15,000 is reversed.