**Harold S. RIDDLE, Appellant–Defendant,**

v.

**NEWTON CRANE SERVICE, INC., Appellee–Plaintiff.**

**No. 49A02–9507–CV–435.**

Court of Appeals of Indiana.

Jan. 31, 1996.

Transfer Denied May 28, 1996.

Richard A. Mann, Mann & Deeter, Indianapolis, for appellant.

William K. Byrum, Stark Doninger & Smith, Indianapolis, for appellee.

**OPINION**

BARTEAU, Judge.

Harold Riddle appeals the trial court's entry of judgment in favor of Newton Crane Services (Newton) on Newton's Complaint to Foreclose Mechanic's Lien and on Riddle's counterclaims for slander of title and abuse of process. The dispositive issue presented on appeal is: at what point is a contractor's

work complete so as to trigger the 60–day period for recording a notice of intent to hold mechanic's lien?

## FACTS

Riddle contracted with Citadel Contracting Corporation for the construction of a truck service center in Indianapolis. On July 9, 1993, Citadel entered into a subcontract with Blue Jay Erectors, Inc. (Blue Jay) for the placement of concrete wall panels. Blue Jay, in turn, subcontracted with Newton for crane service to lift the concrete wall panels into place.

Newton moved a 140–ton crane onto the job site on October 1, 1993, and work was conducted with that crane from October 4 through October 8. The 140–ton crane was removed on October 12, 1993. On October 28, 1993, Newton moved an 80–ton crane to the site, which was used to lift wall panels on October 28, 1993. The 80–ton crane was removed from the site on November 6, 1993.

On January 3, 1994, Newton recorded in the office of the Marion County Recorder its sworn statement and notice of intention to hold a mechanic's lien against Riddle's real estate in the amount of $12,420.89, describing the work done on the property as "crane service." Thereafter, Newton filed its Complaint to Foreclose Mechanic's Lien, and Riddle filed counterclaims alleging slander of title and abuse of process.

## DISCUSSION

■ Judgment was entered after a bench trial in which the trial court made special findings of fact and conclusions of law pursuant to Riddle's motion under Ind.Trial Rule 52(A). When the trial court has made special findings, this court on appeal applies a two-tiered standard of review. First we must determine whether the evidence supports the findings. Then, we must determine whether the findings support the judgment. If the findings support the judgment and are not clearly erroneous, the judgment must be affirmed. We will consider only the evidence in the record which supports the judgment, along with the reasonable inferences to be drawn from the evidence. *McCorry v. G. Cowser Const., Inc.*, 636 N.E.2d 1273, 1276 (Ind.Ct.App.1994), *adopted*, 644 N.E.2d 550 (Ind.1994) (citing *United Farm Bureau Mut. Ins. Co. v. Ira*, 577 N.E.2d 588, 592 (Ind.Ct. App.1991), *trans. denied* ).

■ The parties do not dispute the trial court's findings that Newton worked on Riddle's property with the 140–ton crane from October 4 through October 8, and removed the crane on October 12, 1993, or that Newton used the 80–ton crane only on October 28, 1993, and removed that crane from the site on November 6. Riddle challenges the trial court's finding that the last date Newton provided labor and equipment under its contract was November 6, and the trial court's conclusion that Newton timely filed its notice of intention to hold mechanic's lien within 60 days of completing the work.

A notice of intention to hold mechanic's lien must be filed with the county Recorder within 60 days after performing labor or furnishing materials or machinery. Ind. Code 32–8–3–3(a). Newton recorded its notice of intention to hold mechanic's lien on January 3, 1994, 58 days after it removed the 80–ton crane from the job site, but 67 days after it completed lifting wall panels at the site. Riddle argues that Newton's work was complete when it finished lifting wall panels on October 28, 1993. Newton counters that its work was not complete until the crane was removed from the site, and points to its invoice specifically charging for removing the crane from the property.[1]

■ The Indiana statute governing filing of a notice of intention to hold mechanic's lien is in derogation of common law, and its provisions must be strictly construed. *Wavetek Indiana, Inc. v. K.H. Gatewood Steel Co., Inc.*, 458 N.E.2d 265 (Ind.Ct.App.1984). The filing of a notice of intention to hold mechanic's lien by a subcontractor is timely if the lien is filed within 60 days of the date when

---

1. The record shows that Newton charged a flat fee of $700.00 to move the 80–ton crane onto Riddle's property, and another flat fee of $700.00 to move the 80–ton crane off of Riddle's proper-

ty. R. 106–07. Newton charged an hourly rate for the use of the crane to lift the wall panels and for its employees' labor in operating the crane. R. 106.

the last work is done by the subcontractor. *McCorry,* 636 N.E.2d at 1281 (citing *Gooch v. Hiatt,* 166 Ind.App. 521, 526, 337 N.E.2d 585, 588 (1975)). The 60-day period may not be extended through the performance of an act incidental to the contract. *Gooch,* 166 Ind. App. at 525, 337 N.E.2d at 588 (citing *Miller Monuments, Inc. v. Asbestos Insulating & Roofing Co.,* 134 Ind.App. 48, 185 N.E.2d 533 (1962); *Ellis v. Auch,* 124 Ind.App. 454, 118 N.E.2d 809 (1954); *Chapman–Stein Co. v. Lippincott Glass Co.,* 87 Ind.App. 411, 161 N.E. 645 (1928)). The resolution of this appeal turns upon whether removing the crane from the job site constituted work on the part of Newton, or was merely incidental to its task of lifting the wall panels into place.

The parties have not cited to this Court any authority directly on point, and our research has not uncovered prior Indiana decisions controlling in this matter. We note, however, that the Michigan Court of Appeals considered similar situations in *Superior Steel Systems, Inc. v. Nature's Nuggets, Inc.,* 174 Mich.App. 368, 435 N.W.2d 492 (1989) and *Blackwell v. Bornstein,* 100 Mich.App. 550, 299 N.W.2d 397 (1980).

In *Blackwell,* a subcontractor returned to a job site to pick up tools left behind and claimed that such was the last work done at the site causing the filing period to commence. The Michigan Court of Appeals found that the Michigan Mechanic's Lien Act made no distinction between "actual work" and picking up tools or "last minute cleanup." 299 N.W.2d at 399. The Court concluded that, under the required liberal construction of Michigan's Mechanic's Lien Act,[2] the last minute cleanup was sufficiently related to the labor and materials supplied by the subcontractor because it was an integral part of the work the subcontractor had done. *Id.*

In *Superior Steel,* however, the Michigan Court of Appeals reached a different result. In that case, a subcontractor completed work in 1985, but left a concrete compactor on the job site until August 23, 1986. While preserving the holding in *Blackwell,* the Michigan Court of Appeals found that removing the compactor from the job site almost a

year after the contractor's task was done was not an integral part of the work involved. To hold otherwise "would lead to absurd results, such as a contractor leaving a tool box or other minor piece of equipment for years after ceasing work and being able to file a timely construction lien." 435 N.W.2d at 494.

■ Under Michigan's liberal approach, Newton's mechanic's lien could stand under the factual findings made by the trial court. However, Indiana's mechanic's lien provisions do not mandate the liberal construction required in Michigan's Mechanic's Lien Act. To the contrary, statute provisions relating to the creation, existence or persons entitled to claim a mechanic's lien are to be narrowly construed since lien rights created are in derogation of the common law. *Premier Investments v. Suites of America,* 644 N.E.2d 124, 127 (Ind.1994). We find under the narrow construction of Indiana's mechanic's lien statute, Newton's notice of intention to hold mechanic's lien was not timely filed.

In an Indiana case analogous to the situation presented, a subcontractor sought to avoid the provisions of a "no-lien" contract by arguing that performance under the contract began when it moved its equipment onto the job site prior to the execution of the "no-lien" contract. *Ramsey v. Peoples Trust & Savings Bank,* 148 Ind.App. 167, 264 N.E.2d 111 (1970). This Court held that the work under the contract did not begin when the equipment was moved onto the site prior to the execution of the contract, but when the subcontractor actually began doing the work, which was after the "no-lien" contract was executed. *Id.* at 175, 264 N.E.2d at 116 (citing *Darling v. Kagan,* 133 So.2d 599 (Fla. Ct.App.1961), *cert. denied* 138 So.2d 333 (1962); *Kiene v. Hodge,* 57 N.W. 717 (Iowa 1894)).

■ Under Indiana's mechanic's lien statute, a subcontractor commences work at a job site not when it moves its equipment to the location, but when it actually begins performing the task for which it was hired. *Id.* It follows that a subcontractor completes its

---

2. The Michigan Mechanic's Lien Act specifically requires the court to liberally construe the stat-

ute. Mich.Comp.Laws § 570.27; *Blackwell,* 299 N.W.2d at 399.

**10**

work, and the 60–day period for filing a notice of intention to hold mechanic's lien commences, when the subcontractor finishes the task for which it was hired. It is undisputed that Newton completed the task for which it was hired—lifting concrete wall panels into position—on October 28, 1993. The 60–day period for filing a notice of intention to hold mechanic's lien commenced on that date. Newton recorded its notice of intention to hold mechanic's lien on January 3, 1994, 67 days after completing its work. Newton's mechanic's lien was not timely filed, and foreclosure of the lien is precluded as a matter of law.

### CONCLUSION

The trial court's entry of judgment in favor of Newton on its Complaint to Foreclose Mechanic's Lien is hereby REVERSED, and this cause is REMANDED with instructions to enter findings of fact and conclusions of law on Riddle's counterclaims.

SHARPNACK, C.J., and DARDEN, J., concur.